445 P.2d 766

**UNITED FACTORS, a corporation, Plaintiff and Respondent,**

v.

**T. C. ASSOCIATES, INC., a corporation, and Harry R. Ulmer, Jr., Paul J. Sugar and Sam Herscovitz, Defendants and Appellants.**

No. 11022.

Supreme Court of Utah.

Oct. 3, 1968.

Pete N. Vlahos, Ogden, for appellants.

Alvin I. Smith, Salt Lake City, for respondent.

CALLISTER, Justice:

T. C. Associates, Inc., the corporate defendant, was engaged in the furniture business; two of its officers, Herscovitz and Ulmer, executed, as individuals, a guarantee, agreement with United Factors, plaintiff, in order to procure an extension of credit to the corporation. Subsequently, the defendant corporation purchased merchandise from Bailey-Schmitz and Evans and Black Carpet Mills, who assigned their accounts receivable to plaintiff. The corporate defendant became delinquent in its payments of these accounts, and plaintiff commenced this action against the debtor and its guarantors, the other defendants.

Defendants in their answer alleged that the guarantee agreement was limited to an extension of credit for the purchase of goods from Bailey-Schmitz and denied that it extended to the account receivable assigned by Evans and Black Carpet Mills. Defendants further demanded an offset for defective merchandise and certain sales credits.

On September 19, 1966, the parties entered into a stipulation wherein defendants, Ulmer and Herscovitz, admitted the indebtedness and that they had executed an agreement of guarantee and were responsible thereunder for the payment of the two accounts. The stipulation provided for a series of payments to liquidate the indebtedness. There was a provision that if the defendants failed to make any of the payments, that upon the filing of an affidavit by the attorney of plaintiff setting forth the facts of nonpayment and balance remaining, the court may enter, without notice to the defendants, judgment against the defendants in accordance with the prayer of plaintiff's complaint less any payments made.

Defendants proceeded to make payments in accordance with the stipulation and reduced the indebtedness from $13,643.45 to $3,973.12. On or about July 25, 1967, defendants filed a motion to vacate the stipulation and to permit them to file an amended answer and counterclaim. The trial court denied defendants' motion and granted judgment to the plaintiff in accordance with the terms of the stipulation. Defendants appeal.

In the case of a stipulation for settlement, the general rule is that it is to be regarded as removed from the sphere of ordinary stipulations, particularly procedural ones, which the court is free to set aside or not, in its broad discretion and for the sake of convenience alone, and although there is some authority that it may be set aside upon a proper showing if no material change in the position of the parties has occurred, the rule is usually stated to require, for grant-

ing relief, a showing equivalent to that necessary to set aside a contract in equity, * * *.[1]

Defendants alleged in their motion that the stipulation provided that they pay a sum of money in excess of what they guaranteed, that if the payments were not made plaintiff could enter judgment and that defendants had a justifiable defense, and that the previous payments under the stipulations were made under a mistake of law and fact and that they should not be deprived of their day in court. Accompanying defendants' motion was an affidavit of Herscovitz stating that he made a mistake at the time of signing the stipulation in that he believed that the law made him obligated for the entire indebtedness rather than for the amount he signed as a guarantor and that he now believes that under the law his maximum liability is only the amount of the guarantee. He further stated that he believed that plaintiff had permitted the corporate defendant to exceed the amount of the guarantee; and, therefore, the entire amount may be uncollectible. Defendant concluded that it would be a miscarriage of justice to permit plaintiff to take judgment under the stipulation in

view of the newly discovered facts and law.[2]

Appellants contend that there was no consideration to support the stipulation. There is respectable authority which holds that no consideration is required to give validity to a stipulation.[3] However, we need not resolve this issue, since there was consideration to support the stipulation. Defendants acquired a benefit by plaintiff's discontinuance of its motion for summary judgment and its agreement to accept a series of payments over an extended period of time. Defendants suffered a detriment by their abandonment of the defense that their guarantee did not cover the account receivable assigned by the Evans and Black Carpet Mills. Furthermore, if defendants had performed under the terms of the stipulation, their liability for plaintiff's attorneys fees would have been $500 rather than $2,000, and they would not have been responsible for $20 court costs.

Appellants claim there was a triable issue of fact and that it was, therefore, improper for the trial court to refuse to set aside the stipulation.

1. 161 A.L.R., Anno.—Relief From Stipulations, § VI(d), p. 1192.
2. It is defendants' contention that the terms of the written guarantee, which specified no monetary limitation and provided that the terms and conditions may not be limited or amended without written consent, were in fact subsequently

modified by an oral agreement confining the guarantors' liability to a $10,000 limit.

3. Bekins Van & Storage Co. v. Industrial Comm., 4 Ariz.App. 569, 422 P.2d 400, 401 (1967); 83 C.J.S. Stipulations § 8, p. 11.

In Richlands Irrigation Co. v. Westview Irrigation Co.,[4] this court observed that where parties litigant, instead of assembling witnesses and putting on their proofs, reduce their respective rights and priorities to writing and stipulate that a decree may be entered in conformity thereto, such contract, if lawful, has a binding effect on the decree which may be entered. It has all the binding effect of findings of fact and conclusions of law made by the court upon the evidence. The rationale is that the stipulation constitutes an agreement of the parties that all the facts necessary to support it and a decree in conformity thereto pre-existed and would be sustained by available evidence, had not the agreement of the parties dispensed with the taking of evidence.

Appellants contend that they signed the stipulation under a mistake of fact and law, and since that time they have discovered additional information that would constitute a good and valid defense to the plaintiff's allegations. According to appellants, their mistake was their failure to convey to their attorney the information concerning the subsequent oral modification of the guarantee agreement.[5]

Where there was no mistake of fact, but merely a lack of full knowledge of the facts, which was plainly due to failure to exercise due diligence to ascertain them, this did not constitute a ground for relief against a stipulation.[6]

Appellants further contend that there was a mistake of law in that under the doctrine of Stank v. Jones [7] there was an improper joinder. The Stank case is not in point, since the action in the instant case was to enforce a guarantee agreement executed by defendants.

Finally, it must be stressed that it was within the discretion of the trial court to determine whether the stipulation should be vacated. In the instant case, the motion to vacate was filed ten months subsequent to the execution of the stipulation and after defendants had partially performed thereunder.

* * * Applications for relief from stipulations must be seasonably made. 50 Am.Jur. 613, 614. We cannot say as a matter of law that plaintiffs were entitled to relief after a period of that duration [nine months], particularly since the record does not affirmatively show that the other parties to the suit had

4. 96 Utah 403, 422–423, 80 P.2d 458 (1938).
5. See footnote 2, supra.
6. 83 C.J.S., Stipulations § 35(b) (2), p. 91; also see Marrujo v. Chavez, 77 N.M. 595, 426 P.2d 199, 202 (1967), where the court observed that if they examined the factors

relative to the execution of the stipulation and assumed there was a mistake of fact, there were ample facts to alert a person of reasonable prudence to the apparent error.
7. 17 Utah 2d 96, 404 P.2d 964 (1965).

not acted in reliance upon the stipulation and that the vacating of the stipulation would not be unfair to them.[8]

The judgment of the trial court is affirmed, with costs awarded to respondent.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

**8.** Johnson v. Peoples Finance & Thrift Co., 2 Utah 2d 246, 250, 272 P.2d 171, 173 (1954).