No. 47,274

Harry McClintock and Vernice McClintock, *Plaintiffs-Appellees,* v. John McCall, W. G. Wiebe and Robert L. Groth, *Defendants,* v. W. G. Wiebe, *Garnishee-Appellant.*

(522 P. 2d 343)

Opinion filed May 11, 1974.

*Edward F. Wiegers,* of Galloway, Wiegers, Sprouse & Heeney, of Marysville, argued the cause and was on the brief for the appellant.

*Don W. Noah,* of Beloit, argued the cause, and *Jerry L. Harrison,* also of Beloit, was with him on the brief for the appellees.

The opinion of the court was delivered by

Owsley, J.: W. G. Wiebe, garnishee, appeals from an order sustaining a garnishment against him in the sum of $7,538.57 in favor of plaintiffs, Harry and Vernice McClintock. Plaintiffs are judgment creditors of defendant John McCall, in a suit against McCall, Wiebe, and Robert L. Groth for reimbursement of the sale price paid for diseased cattle. The order from which Wiebe appeals was issued in aid of execution on the judgment against McCall.

In July, 1967, plaintiffs purchased 121 calves from Wiebe for a total of $11,780. Some of the calves died soon after purchase.

Others were sick and required treatment. Plaintiffs filed suit against Wiebe for their loss and learned through his discovery deposition that the calves had been sold to him in Missouri by Groth and McCall. Plaintiffs filed their amended petition on July 27, 1970, to include Groth and McCall as defendants. McCall, a resident of Missouri, was personally served in Missouri pursuant to K. S. A. 60-308 (*b*), (now K. S. A. 1973 Supp. 60-308 [*b*]) but did not appear. Judgment against McCall only was taken by default on October 23, 1970. Plaintiffs had reason to believe Wiebe, a Kansas resident, owed money to McCall for other cattle purchased from him. On May 13, 1971, an order of garnishment in aid of execution was served on Wiebe.

Upon receipt of notice of the garnishment action in aid of execution, McCall appeared specially and moved the court to vacate the judgment against him for lack of jurisdiction and dismiss the garnishment. These motions were overruled on February 15, 1972, and McCall filed a timely notice of appeal. On May 2, 1972, McCall died. Two motions for additional time to file his appeal were granted by the trial court, but on October 5, 1972, pursuant to plaintiffs' motion, the trial court dismissed McCall's appeal.

Garnishee Wiebe defended against the garnishment order by affidavit that he was indebted to McCall Stock Farms, Elkland, Missouri, a partnership, and was not indebted to John McCall personally. After McCall's appeal was dismissed, Wiebe also attacked the original judgment against McCall contending it was void for lack of jurisdiction. The court overruled on both grounds and entered its final order sustaining the garnishment against Wiebe on November 10, 1972. It is from that order this appeal is taken.

On appeal, Wiebe asserts the trial court erred in overruling his motion and again attacks the original judgment against McCall for lack of jurisdiction. The detailed review of the facts and circumstances of this litigation has been included to make clear the defense of lack of jurisdiction is closed to Wiebe. Wiebe amended his pleadings to adopt this defense after McCall's appeal on the issue was dismissed. The trial court's ruling, right or wrong, is res judicata on the issue of jurisdiction. K. S. A. 60-720 (*d*) will not be construed to permit a garnishee to raise a defense which has been unsuccessfully asserted previously by the judgment debtor in the principal action.

The other defense raised by Wiebe, that he holds no funds of

John McCall but only those of McCall Stock Farms, a partnership, is a question of fact and was not answered by the trial court's opinion. The court found instead that Wiebe was estopped to deny he was indebted to McCall. The trial court held such denial was estopped because it changed Wiebe's testimony from that given in his discovery deposition in the principal action and relied upon by plaintiffs to their detriment.

The trial court's finding of estoppel is not correct procedurally because it was not pleaded by plaintiffs in reply to Wiebe's answer. (*Star Leasing Corp. v. Elliott*, 194 Kan. 206, 398 P. 2d 566.) K. S. A. 60-208 (*c*) lists estoppel as an affirmative defense which must be specially pleaded. Since it was not, Wiebe had no notice the court would espouse the doctrine until the court published its findings of fact. At that time, Wiebe, in his motion for amendments and additional findings and for amendment of judgment, urged the court to cancel the finding of estoppel and to substitute in its place the following finding:

"The discovery deposition of the garnishee taken on July 16, 1970, which refers in point of time to transactions occurring in 1967 does not prevent the garnishee from denying that he was indebted to John McCall individually on May 13, 1971."

The record, therefore, does not support the plaintiffs' assertion that Wiebe is challenging the finding of estoppel for the first time on appeal and has waived any objection to it.

We cannot accept the trial court's estoppel theory for the second reason that it is not applicable to these facts. On the basis of Wiebe's deposition statement in the principal action, that he bought the cattle from McCall, plaintiffs concededly amended their pleadings to include McCall as an individual defendant. Not until default judgment was taken against McCall, and Wiebe became garnishee, did Wiebe disclose by later affidavit that McCall acted at all times as a member of a partnership.

The general theory of judicial estoppel or estoppel by oath, asserted by plaintiffs, is that a party is bound by his judicial declarations and may not contradict them in a subsequent action involving the same parties if one party has changed position in reliance on such declarations (28 Am. Jur. 2d Estoppel and Waiver, § 71, p. 700). We have no quarrel with this general theory, but deny its applicability to this case. Wiebe did not actually change the testimony contained in his earlier deposition by statements in

his later affidavit. He merely added facts concerning McCall's role as a partner.

Despite our disapproval of the judgment based on estoppel we conclude we must affirm the outcome of the trial court's decision in finding for the plaintiffs. If the trial court's judgment is correct for any reason, it will not be disturbed on appeal. (*Tripp v. The Reliable Life Insurance Co.*, 210 Kan. 33, 499 P. 2d 1155; *Alliance Mutual Cas. Co. v. Hartford Accident & Indemnity Co.*, 210 Kan. 769, 504 P. 2d 161.)

All the evidence in the garnishment action is documentary. Under these circumstances this court has a duty to decide for itself what the facts establish. (*Watson v. Dickey Clay Mfg. Co.*, 202 Kan. 366, 450 P. 2d 10.) In his affidavit of October 20, 1971, admitted into evidence in defense of the garnishment action, Wiebe states:

". . . I do not deal with the parties on an individual basis, but deal with the partnership. I have been purchasing cattle from the McCall's partnership since 1964 or 1965, and all of my checks which I made to pay for the cattle which I purchased from them are payable to McCall's Stock Farm.

"During June and July of 1967, I purchased approximately 10 loads of calves from McCall's Stock Farm. . . ."

The affidavit of McCall, dated October 15, 1971, admitted into evidence in defense of the garnishment action, makes clear that at all times he acted for the partnership and not as an individual:

"C. The partnership has operated several years and, all cattle and livestock operations with which he has been connected have been conducted through the partnership and he has not operated as an individual in the sale of any livestock at any time within a period beginning two years prior to July 29, 1967, or any time thereafter."

K. S. A. 16-104 provides for suit against partnerships in the following language:

"In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable."

In his amended answer dated May 29, 1971, Wiebe admits that at the time of service of the order of garnishment he was and is indebted to McCall Stock Farms in the sum of $12,632.12. Wiebe asserts in defense the general rule that a creditor of an individual partner may not look to the partnership assets in satisfaction of his demand. (*State v. Williams*, 196 Kan. 274, 411 P. 2d 591.) This rule is not applicable to these circumstances.

By admission of the parties, plaintiffs' cause of action and the judgment arose out of the partnership business. The judgment against McCall, therefore, is an obligation of the partnership. By admission of Wiebe, the funds in his hands are partnership funds. The general rule for garnishment of partnership funds for partnership debts is set out in 6 Am. Jur. 2d Attachment and Garnishment, § 186, p. 694, as follows:

"Undoubtedly, partnership property is liable to attachment or garnishment in an action on a partnership liability. The rule is as applicable to nonresident as to resident partnerships. Also, the rule is applicable regardless of whether or not such action runs against the entire firm or against only a portion of its members. . . ."

The Uniform Partnership Act (K. S. A. 1973 Supp. 56-301, *et seq.*) was not in effect at the time this litigation began, but the provisions therein for joint and several liability of the partners for partnership obligations (K. S. A. 1973 Supp. 56-315) support this decision.

Wiebe raises one other point on appeal. Copies of two port of entry certificates showing two truckloads of cattle were shipped from McCall to Wiebe on May 13 and 14, 1971, were admitted into evidence over garnishee's objection. Whether they were rightly or wrongly admitted is of no significance since nothing contained therein is necessary to our conclusion.

For the foregoing reasons, we conclude the partnership funds in the hands of Wiebe are liable for satisfaction of the judgment against McCall which arose out of and in the course of his transaction of partnership business.

The judgment is therefore affirmed.