**William Jay ROBBINS, Plaintiff and Appellant,**

v.

**Gerald L. COOK, Warden, Main Facility, Utah State Prison, and David L. Wilkinson, Utah State Attorney General, Defendants and Respondents.**

No. 860076.

Supreme Court of Utah.

Oct. 30, 1986.

Philip G. Jones, Orem, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Salt Lake City, for defendants and respondents.

HOWE, Justice:

Appellant William Jay Robbins appeals the denial of his petition for a writ of habeas corpus.

Appellant was convicted of sexual abuse of a child with aggravating circumstances, U.C.A., 1953, § 76-5-404.1(3), and was sentenced to a term of five years to life with a minimum mandatory sentence of three years. The foregoing statute under which he was charged and sentenced made sexual abuse of a child a first degree felony. Under subpart (3), it named nine aggravating circumstances. If any of the aggravating circumstances were found, a minimum mandatory sentence of three, six, or nine years was imposed. Appellant had previously been convicted of a felony for a sexual offense. This prior conviction constituted an aggravating circumstance under subpart (3)(e). Therefore, he was given a minimum mandatory sentence of three years.

The legislature amended section -404.1 in 1984. 1984 Utah Laws ch. 18, § 10. This amendment, which went into effect after the alleged commission of the offense here but before the trial, reduced sexual abuse of a child to a second degree felony. In reliance on *State v. Tapp*, 26 Utah 2d 392, 490 P.2d 334 (1971), appellant filed a petition for a writ of habeas corpus in the trial court, claiming that he was entitled to the lesser penalty provided by the statute at the time of sentencing. An assistant attorney general, on behalf of respondents, entered into a stipulation that appellant was entitled to be resentenced due to the reduction of the penalty in the amended statute. Eight days later, however, respondents moved to set aside the stipulation on the ground that their counsel had mistakenly believed that appellant was entitled to be resentenced. The motion was granted, the stipulation set aside, and appellant's petition for habeas corpus denied.

Appellant argues that once the stipulation was entered, respondents were bound thereby. However, the court has broad discretion to set aside a stipulation on a procedural matter. *See United Factors v. T.C. Associates Inc.*, 21 Utah 2d 351, 445 P.2d 766 (1968). Upon timely motion, the court may set aside a stipulation for inadvertence or justifiable cause when it is in the interest of justice to do so. *State v. Velasquez*, 672 P.2d 1254 (Utah 1983).

Although the amendment reduced sexual abuse of a child to a second degree felony when there are no aggravating circumstances, sexual abuse of a child when any of the nine named aggravating circumstances are found remained a first degree felony. The same minimum mandatory sentences triggered by the aggravating circumstances apply both prior and subsequent to the 1984 amendment. Appellant admitted to the existence of an aggravating circumstance; therefore, sentencing under either version of the statute reaches the same result. Since the reduced penalty in the amended statute applies only where there are no aggravating circumstances, appellant would not benefit from and is not entitled to resentencing.

Appellant claims that his sixth amendment right to notice of the charge was denied by the change in the statute. This

claim is without merit. The aggravating circumstance was charged in the amended information. Both the information and the statute under which he was charged put him on notice that his prior conviction would be an aggravating circumstance which, upon conviction, would result in the imposition of a minimum mandatory sentence. Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.