No. 69,734

Samuel Ronald Bright, Appellee, v. LSI Corporation,
Appellant.

(869 P.2d 686)

 Opinion
filed March 4, 1994. 

*James Borthwick,* of Blackwell Sanders Matheny Weary & Lombardi, of Kansas City, Missouri, argued the cause and *Sally B. Surridge,* of the same firm, was with him on the brief for appellant.

*J. Douglas McCalla,* of Spence, Moriarity & Schuster, of Jackson, Wyoming, argued the cause, and *Roy A. Jacobson, Jr.,* and *Heather Noble,* of the same firm, and *Ken M. Peterson* and *Timothy J. Moore,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, were on the brief for appellee.

The opinion of the court was delivered by

Six, J.: This case concerns the effect of plaintiff Samuel Bright's settlement with defendant Cargill, Incorporated (Cargill), on Bright's $665,000 judgment entered by the trial court against LSI Corporation—Temporary Services & Placement Agency (LSI), the remaining defendant. The approach to our resolution of the dispute is found in K.S.A. 60-2105, which empowers us to render a final judgment as we deem justice requires.

Bright filed a personal injury action which was tried, appealed, and remanded in *Bright v Cargill, Inc.,* 251 Kan. 387, 837 P.2d 348 (1992) (*Bright I*). After remand, Bright settled with Cargill, whose status as a possible active defendant and real party in interest was created by our reversal of the summary judgment in favor of Cargill. Cargill and Bright stipulated in their settlement that Cargill was Bright's K.S.A. 44-503 statutory employer. Cargill paid Bright $2,500,000, Bright released Cargill, and Cargill was dismissed from the case. The trial court granted Bright's motion to affirm the *Bright I* judgment against LSI, as modified. The

modification was based on an agreement between Bright and LSI in June 1992 at the time *Bright I* was under advisement. LSI appeals. Cargill is not a party to this appeal.

Our jurisdiction is under K.S.A. 20-3018(c) (transfer from the Court of Appeals on our own motion). The issue for review is whether the trial court erred in affirming the judgment against LSI as modified by the June 1992 settlement agreement. We are analyzing the relationship between *Bright I* and two settlement agreements. Our standard of review is unlimited. See *City of Lenexa v. C. L. Fairley Constr. Co.*, 245 Kan. 316, 319, 777 P.2d 851 (1989). We find no prejudicial error and affirm.

### Background

The underlying facts which gave rise to the case at bar appear in *Bright I,* which involved

"two separate appellate alignments. The first postures plaintiff Samuel Bright against defendant Cargill, Incorporated (Cargill). The second relates to defendant Labor Source, Inc., (LSI) and Bright.

"Samuel Bright's common-law negligence claim arises from an industrial accident in which he sustained serious injury. Bright and his wife, individually and on behalf of their three children, sued Cargill, LSI (LSI is now known as LSI Corporation—Temporary Services & Placement Agency), and others not involved in this appeal. The claims of Mrs. Bright and the children were dismissed. Cargill prevailed on a summary judgment motion. The case proceeded to trial. The remaining defendants, other than LSI, settled with Bright before the case was submitted to the jury. The jury found LSI 40% at fault and Cargill 60% at fault and assessed Bright's total damages at $5,730,500. The trial court reduced the pain and suffering award to $250,000 and entered judgment for Bright against LSI in the amount of $1,884,900." 251 Kan. at 389-90.

Bright appealed the summary judgment granted to Cargill. The trial court had ruled that Cargill was a K.S.A. 44-503 "statutory employer" and, as such, was immune from suit under K.S.A. 44-501, the exclusive remedy provision of the Kansas Workers Compensation Act. LSI appealed the judgment entered against it on the jury verdict. We held

"that disputed material facts exist in the resolution of Cargill's K.S.A. 44-503 'statutory employer' status. Summary judgment in favor of Cargill is reversed. Cargill's statutory employer status is to be determined on remand.

"We affirm Bright's judgment against LSI subject to a determination on remand that Cargill was Bright's statutory employer. If Cargill is not Bright's

statutory employer, the judgment against LSI is reversed under *Pizel v. Zuspann,* 247 Kan. 54, 77, 795 P.2d 42 (1990)." *Bright I,* 251 Kan. at 390.

## The June 1992 Agreement

*Bright I* was filed July 10, 1992. While the *Bright I* appeal was pending, Bright and LSI entered into a settlement agreement in June 1992 in which Maryland Casualty Company, LSI's liability insurer, agreed to pay Bright $335,000 ($176,292 in a lump sum, the balance in a guaranteed annuity). The agreement further provided:

"2.4 If the judgment against [LSI] is affirmed on appeal, insurer will pay [plaintiff] an additional $665,000.00, which represents the remainder of its policy limits provided to [LSI]. [Plaintiff] will make no claim against [LSI] for any amount in excess of the $1,000,000.00 policy limits, nor will [plaintiff] make any claim for interest on any portion of the judgment. . . .

"2.5. Should a new trial be granted, and should the lawsuit be retried, the conditions set forth above will remain applicable to the parties. . . . If the final judgment entered against LSI is less than $1,000,000.00, Insurer will pay [plaintiff] the difference between $335,000.00 and the judgment amount. If the judgment exceeds $1,000,000.00, Insurer will pay $665,000.00 to [plaintiff]."

## *Bright I*

*Bright I* reasoned that the unique circumstances necessitated the particular remand order:

"A determination by the finder of fact that Cargill is not Bright's statutory employer leaves no option but to grant a new trial. Although the jury apportioned fault at 60% to Cargill and 40% to LSI, Cargill was in the case for fault comparison only. Cargill was not a real party in interest. Bright could not recover against Cargill. . . .

. . . .

"The chemistry in the courtroom may be altered with an alteration of the litigant formula. The litigant formula during the next trial involving Bright, Cargill, and LSI, if there is one, will carry the varied advocacy nuances of tri-party litigation.

"All of the issues raised by LSI in the instant appeal will feel the impact of Cargill's presence as a real party defendant. Any new party relationship on remand will present counsel and the trial court with legal positions to be advanced and rulings, when required, upon proper presentation of those positions. Only the future will determine what the party positions will be and what trial court rulings will be necessary." *Bright I,* 251 Kan. at 417-18.

## Procedural History of *Bright II*

On remand, Bright conducted further discovery and filed a

summary judgment motion against Cargill, contending that Cargill was not Bright's statutory employer. Bright provided extensive references to facts in support of his claim that the additional discovery revealed no evidence which would support a finding that Cargill meets the statutory employer tests set out in *Bright I.* Cargill opposed the motion, arguing that it was Bright's statutory employer and, consequently, immune from suit.

Before Cargill's statutory employer status was determined, Cargill and Bright entered into the $2,500,000 settlement. One of the terms of the settlement was the conclusory stipulation that Bright was a statutory employee of Cargill at the time of his accident. The conclusion was contrary to the position that had been taken by Bright throughout the trial, the appeal of *Bright I,* and the summary judgment motion filed by Bright after remand.

Bright moved to affirm the judgment against LSI as modified by the June 1992 settlement agreement with LSI and Maryland Casualty. Bright's motion was based upon the remand instructions in *Bright I.* LSI opposed Bright's motion, arguing that the trial court could not affirm the judgment because Cargill's statutory employer status had not been determined by a trier of fact. The trial court granted Bright's motion. The journal entry affirming the judgment against LSI as modified does not set out the trial court's rationale.

### The Cargill/Bright Settlement
### LSI's Contentions

LSI contends that the Cargill/Bright statutory employer stipulation in the settlement agreement was not a valid basis for affirming the judgment because the stipulation could not bind LSI, a nonparty to the agreement. LSI emphasizes that stipulations made by parties in a judicial proceeding are binding only upon those who agreed to the stipulation, citing *Guillan v. Watts,* 249 Kan. 606, 609, 616, 822 P.2d 582 (1991) (insurance carrier which intervened in an action was not bound by an agreement between its insured and the tortfeasor with respect to the tortfeasor's confession of judgment). LSI also directs our attention to cases from other jurisdictions which endorse the general proposition that a stipulation is only enforceable by a party to the

stipulation against other parties thereto. We agree with the general statement concerning stipulations advanced by LSI. The statutory employer status of Cargill, however, is not paramount once Cargill is out of the lawsuit.

LSI asserts the doctrine of judicial estoppel, maintaining that Bright cannot rely on a stipulation which is inconsistent with the position previously asserted in other judicial proceedings. LSI reasons that the amount of the settlement, $2,500,000, demonstrates that both parties were convinced Cargill would be determined not to be Bright's statutory employer.

LSI insists that Bright cannot argue that LSI is bound by the Cargill/Bright stipulation and, at the same time, claim that LSI lacks standing to object to the settlement. LSI contends that the Cargill/Bright stipulation is not binding on the court. LSI discusses *State v. Gregory*, 218 Kan. 180, 186, 542 P.2d 1051 (1975), in which we found that a stipulation by the parties in an involuntary manslaughter case constituted a legal conclusion as to what the evidence showed and was not binding on this court.

Furthermore, LSI reasons that it has no obligation to pay Bright the $665,000 because, under the terms of the June 1992 agreement, the additional money was to be paid only if the judgment against LSI is "affirmed on appeal." According to LSI, its interpretation of the *Bright I* remand order is not "hypertechnical" and does not discourage settlement. LSI states that following *Bright I,* Bright had the choice of pursuing the affirmance of his judgment against LSI and, if successful, recovering $665,000 under the June 1992 agreement or settling with Cargill for $2,500,000 and relinquishing the opportunity to pursue the $665,000.

## Discussion

*Bright I* did not specify the result to follow a Cargill/Bright settlement. The reason for retrying Bright's claims against LSI disappeared when Cargill settled out of the case. Cargill's statutory employer status remained an issue prior to settlement because it determined whether Cargill continued as a defendant. A new trial is necessary only if Cargill remains as a defendant. The dynamics of trial would differ from *Bright I* if Cargill is a defendant. We reason that only an alteration of the *Bright I* trial

dynamics could justify a retrial on the merits. Cargill, because of the settlement, is not in the case; consequently, neither the statutory employer issue nor the merits of Bright's claims against LSI need to be retried. The "chemistry in the courtroom" with Cargill out of the case would not differ from the *Bright I* trial.

LSI's contentions are contrary to our strong policy that settlements are to be encouraged. We have repeatedly affirmed the principle that the law encourages settlement. See *Ellis v. Union Pacific R.R. Co.*, 231 Kan. 182, 192, 643 P.2d 158 (1982) ("Our decision today in no way jeopardizes settlement of actions. Settlements are favored in the law."); *In re Estate of Thompson*, 226 Kan. 437, 440, 601 P.2d 1105 (1979) ("It is an elemental rule that the law favors compromise and settlement of disputes.").

We agree with LSI's contentionthat it cannot be bound by the Cargill/Bright stipulation. Although not directly bound by the stipulation, LSI indirectly sustains the consequences of a legitimate settlement agreement between Bright and Cargill. Bright's settlement with Cargill has returned the parties to the position they occupied after the jury verdict in the first trial. Bright's claims were tried, and the jury awarded him a substantial verdict against LSI. LSI failed in its *Bright I* appeal to prevail on any issue. We created the statutory employer determination caveat when we affirmed the judgment against LSI because of the possibility that Cargill might remain in the lawsuit. Now Cargill is gone. The basis for the caveat no longer exists.

*Bright I* involved, in part, an appeal from the granting of a motion for summary judgment. Our duty was to examine the pleadings, depositions, answers to interrogatories, admissions, and affidavits in an attempt to determine whether there were no genuine issues of material fact concerning the statutory employer issue. Upon review of the record, we concluded that "[a] genuine issue of material fact, the K.S.A. 44-503(a) status of Cargill, exists which precludes summary judgment." *Bright I*, 251 Kan. at 401. Following the consideration and rejection of LSI's issues on appeal, we affirmed "the judgment against LSI subject to a determination by the finder of fact that Cargill is Bright's statutory employer." *Bright I*, 251 Kan. at 417. Cargill had vigorously maintained that it was a statutory employer. We necessarily assumed that the questions of material fact on the statutory em-

ployer issue would need to be determined by a trier of fact in order to resolve whether Cargill remained in the case. We were unaware of the June 1992 agreement between Bright and LSI.

LSI raises a legitimate question concerning whether the trial court should be bound by the Cargill/Bright stipulation. LSI contends that Bright's assertion at every stage of the litigation that Cargill was not Bright's statutory employer precludes his attempt to enforce a stipulation which sets forth an inconsistent position.

"As a general rule questions of law must be determined by the court, unlimited by agreement of the litigants, and their stipulations as to what is the law are ineffective to bind this court." *State, ex rel., v. Masterson,* 221 Kan. 540, Syl. ¶ 1, 561 P.2d 796 (1977). "Underlying the rule is the rationale that if this court were to be bound by an erroneous stipulation of law, then an erroneous concept of the law espoused by one or more of the parties would compel the court to adopt an erroneous precedent." *Masterson,* 221 Kan. at 551. The stipulation requires the trial court to affirm, as factually true, a claim which may not, in light of the record before the trial court, be factually true. We do not rely on the statutory employer stipulation to resolve the case at bar. The status of Cargill as Bright's statutory employer is not significant if Cargill is not in the lawsuit. A status determination was required only as a method of resolving Cargill's place in the instant litigation. Cargill is either a real party in interest (an active defendant) or a nonparty, present only for comparative negligence purposes. Because Cargill is no longer in the case, the statutory employer issue is moot.

Citing *McClintock v. McCall,* 214 Kan. 764, 766, 522 P.2d 343 (1974), as an example, LSI maintains we have long recognized the doctrine of judicial estoppel. *McClintock* discusses but does not rely on judicial estoppel. We acknowledge the argument advanced by LSI; however, we need not reach the judicial estoppel issue to resolve the instant appeal.

But for Bright prevailing in *Bright I,* LSI would not have had the opportunity to litigate in *Bright II.* In *Bright I,* we affirmed Bright's $1,884,900 judgment against LSI on all issues raised by LSI, subject to the statutory employer caveat. The caveat was required by Bright's success in reversing Cargill's summary judgment.

Under the June 1992 agreement, LSI paid Bright $335,000. Maryland Casualty is LSI's liability carrier. Maryland Casualty also is the workers compensation carrier for Bright's employer, Southwest & Associates. The June 1992 agreement addressed Bright's claims against LSI and its liability insurer. The $335,000 was not subject to Maryland Casualty's compensation lien. The agreement provided that if Bright's judgment is affirmed on appeal, the insurer will pay Bright not $1,884,000 (the amount of the judgment), but $665,000, which represents the remainder of Maryland Casualty's $1,000,000 policy limit. In the agreement, Bright waived the right to claim any excess over the policy limit. He also waived his right to claim interest on any portion of the judgment. The $665,000 payment, according to the agreement, was to be subject to the compensation lien. LSI informs us that it had paid more than $480,000 in medical and wage benefits to Bright at the time of the June 1992 agreement and that the continuing compensation payments would consume the $665,000. LSI also informs us that Bright received a waiver of Maryland Casualty's workers compensation lien.

We do not consider the conclusory statutory employer stipulation to be controlling. What is controlling is Cargill's absence from the lawsuit, except for comparative negligence purposes. After settlement, the parties were returned to the relationships they held during the trial of *Bright I*. Cargill and Bright could have settled at any point along the litigation journey. If settlement had occurred at any time prior to the filing date in *Bright I*, the judgment of $1,884,900 against LSI would have been affirmed without the statutory employer caveat.

We acknowledge the tension created by our language in *Bright I* which linked a determination by the finder of fact of Cargill's status as a statutory employer to affirmance of the judgment against LSI. The linkage was required because of the possibility that Cargill, if not a statutory employer, might remain in the lawsuit as a real party in interest.

The cardinal concept that drives the resolution of the case at bar is our strong policy supporting settlement. K.S.A. 60-2105 empowers us to render such a final judgment as we deem justice requires. *Wilcox v. Wyandotte World-Wide Inc.*, 208 Kan. 563, 572, 493 P.2d 251 (1972). See K.S.A. 60-2101(b).

Affirmed.

ABBOTT, J., not participating.

PRAGER, C.J. Retired, assigned.

McFARLAND, J., concurring: I concur in the result reached in the majority but would affirm the trial court on a different rationale.

While *Bright I* was on appeal, Bright and LSI entered into a settlement agreement, the key provisions of which are as follows:

"2.4 If the judgment against [LSI] is affirmed on appeal, insurer will pay [plaintiff] an additional $665,000.00, which represents the remainder of its policy limits provided to [LSI]. [Plaintiff] will make no claim against [LSI] for any amount in excess of the $1,000,000.00 policy limits, nor will [plaintiff] make any claim for interest on any portion of the judgment. . . .

"2.5. Should a new trial be granted, and should the lawsuit be retried, the conditions set forth above will remain applicable to the parties. . . . If the final judgment entered against LSI is less than $1,000,000.00, Insurer will pay [plaintiff] the difference between $335,000.00 and the judgment amount. If the judgment exceeds $1,000,000.00, Insurer will pay $665,000.00 to [plaintiff]."

This court was not informed of the Bright/LSI settlement. The opinion in *Bright I* conditionally affirmed the judgment against LSI, stating:

"We affirm Bright's judgment against LSI subject to a determination on remand that Cargill was Bright's statutory employer. If Cargill is not Bright's statutory employer, the judgment against LSI is reversed under *Pizel v. Zuspann,* 247 Kan. 54, 77, 795 P.2d 42 (1990)." *Bright 1,* 251 Kan. at 390.

The Bright/Cargill subsequent settlement: (1) rendered the condition in the conditional affirmance moot and (2) precluded any of the contingencies set forth in Section 2.5 of the Bright/LSI agreement from occurring.

On remand, then, the trial court had before it only a declaratory judgment determination of LSI's liability under its settlement agreement. Under ordinary principles applicable to the construc-

tion of contracts, the trial court was correct in holding that LSI was liable to Bright for an additional $665,000.