2000 UT 36

Vanae RIVERA, a minor, By and Through her natural mother and guardian, Joan RIVERA; Chris Berger; and Debra Mikesell, Plaintiffs and Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation; Phillip Toledo; Harmon's Inc., a Utah corporation; Linda Motuapuaka; Gwen Goodro; John Doe; Esther Toledo; the Estate of Amy Motuapuaka; and Allstate Insurance Company, Defendants and Appellant.

No. 990197.

Supreme Court of Utah.

April 4, 2000.

---

Mark Dalton Dunn, Kevin C. Sullivan, Salt Lake City, for the Riveras.

Wayne H. Braunberger, Sandy, for Berger and Mikesell.

Kristin A. Van Orman, Joseph J. Joyce, Salt Lake City, for State Farm.

Richard K. Glauser, Salt Lake City, for Motuapuaka.

Michael L. Schwab, Lloyd A. Hardcastle, Farmington, for Allstate.

WILKINS, Justice:

¶ 1 Appellant State Farm Mutual Automobile Insurance Company (State Farm) filed this interlocutory appeal from the trial court's ruling denying its motion to strike stipulated facts, denying its motion for partial summary judgment, and granting appellee Vanae Rivera's motion for partial summary judgment. State Farm contends the trial court exceeded its permitted range of discretion by refusing to set aside the stipulation of facts and erred in concluding that State Farm was required to provide coverage for Rivera's injuries and claims. We affirm.

## BACKGROUND

¶ 2 On September 24, 1993, Linda Motuapuaka allowed her daughter, Amy Motuapuaka, and Amy's friend Gwen Goodro to take her vehicle to a high school football game. Linda[1] instructed Gwen that she was the only person allowed to drive the car and made arrangements with Amy and Gwen to return the vehicle by midnight. Linda was insured by State Farm.

¶ 3 At the football game, Amy and Gwen met Amy's boyfriend Phillip Toledo and began drinking alcoholic beverages. The group left the football game together in Linda's car and picked up another friend, Tenille Pace.

---

**1.** We use given names for some of the individuals for simplicity, intending no disrespect or undue  familiarity.

Because Gwen had been drinking, she asked Tenille to drive the car to Linda's work where it was to be returned by midnight according to Linda's instructions. When Amy, Gwen, Phillip, and Tenille arrived at Linda's work, Amy decided she did not want her mother to see her intoxicated so she asked Tenille to drive the group to her aunt's house. Later, Phillip and Amy drove the vehicle back to Phillip's house. When Linda finished work early Saturday morning, the vehicle had not been dropped off by her daughter as planned. Linda did not hear from Amy the following day and became nervous about her daughter's whereabouts. That evening Linda called Gwen, who told her that Amy had refused to leave the car at her work and that Phillip was driving the vehicle.

¶ 4 On the evening of September 25, 1993, Amy and Phillip drove Linda's car to a party where they met up with Vanae Rivera. Later, when the police arrived and broke up the party, Phillip, Amy, and Rivera left in the vehicle with the intention of driving to another party. On the way to the party, the accident which is the subject of the present case occurred. Linda's vehicle struck a car occupied by Chris Berger and Debra Mikesell. Rivera, among others, was injured in the accident, and Amy eventually died as a result of the injuries she sustained. It is unclear whether Amy or Phillip was driving the vehicle at the time of the accident. Phillip was not present when the authorities arrived at the scene.

¶ 5 State Farm refused to provide coverage under Linda Motuapuaka's policy for Rivera's injuries and claims, so Rivera filed a complaint against State Farm. The complaint asserted various causes of action including the allegation that State Farm had breached its contractual obligation under Linda's policy by failing to provide insurance coverage for Rivera. Rivera alleged that Phillip was driving the car at the time of the accident. State Farm denied that allegation, placing the identity of the driver in dispute. State Farm moved for summary judgment, alleging that at the time of the accident the vehicle was being used without Linda's permission, the named insured on the policy.

Therefore, State Farm asserted, it was not liable for Rivera's injuries or claims. The trial court denied State Farm's motion for summary judgment. State Farm renewed its summary judgment motion. The trial court again denied State Farm's motion, concluding that issues of material fact remained with respect to the nature and scope of consent given by Linda.

¶ 6 Thereafter, the parties agreed to a statement of stipulated facts. Relying on the statement of stipulated facts, State Farm filed a third motion for summary judgment. Rivera also filed a motion for partial summary judgment at that time, incorporating the statement of stipulated facts. During oral argument on the motions, Rivera asserted that because Amy was Linda's daughter, and Amy may have been driving Linda's car at the time of the accident under the stipulated facts, State Farm should be required to provide coverage for Rivera's injuries and claims. To support this argument, Rivera relied on a portion of the stipulation of facts providing that "[f]or purposes of insurance coverage by State Farm, ... it does not matter whether Amy Motuapuaka or Phillip Toledo were driving Linda Motuapuaka's car at the time of the accident." State Farm did not object to Rivera's interpretation of the stipulated facts, or her reliance on the stipulation at the time of the oral argument on the cross-motions for summary judgment. However, State Farm later filed a motion to strike the statement of stipulated facts. The trial court entered an order denying State Farm's motion to strike the stipulation of facts, denying its motion for partial summary judgment, and granting Rivera's motion for partial summary judgment. State Farm filed a petition for interlocutory appeal, which we granted.

**ISSUES AND STANDARDS OF REVIEW**

¶ 7 We address two issues on appeal. First, we consider whether the trial court abused its discretion by denying State Farm's motion to strike the statement of stipulated facts. A motion to strike stipulated facts is reviewed under an abuse of

discretion standard.[2] *See Dove v. Cude,* 710 P.2d 170, 171 (Utah 1985).

¶ 8 Second, we address whether the trial court erred in granting Rivera's motion for partial summary judgment concluding that State Farm is liable for Rivera's injuries and claims under the terms of Linda Motuapuaka's policy. Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). "Because entitlement to summary judgment is a question of law, we accord no deference to the trial court's resolution of the legal issues presented." *K & T, Inc. v. Koroulis,* 888 P.2d 623, 627 (Utah 1994).

## ANALYSIS

### I. STATEMENT OF STIPULATED FACTS

¶ 9 State Farm argues the trial court exceeded its permitted range of discretion by denying its request to strike the statement of stipulated facts. Although seeking to strike the entire stipulation, State Farm's objection focuses on paragraph 47 of the stipulation and the use of that statement made by Rivera in arguing for partial summary judgment against State Farm. Paragraph 47 says:

> 47. For purposes of insurance coverage by State Farm, the parties stipulate that it does not matter whether Amy Motuapuaka or Phillip Toledo were driving Linda Motuapuaka's car at the time of the accident.

¶ 10 State Farm claims that because it failed to anticipate that Rivera would assert Amy Motuapuaka was driving the vehicle at the time of accident, the stipulation should be set aside. We cannot agree. The position now taken by State Farm is inconsistent with

its argument before the trial court on the motions for summary judgment.

¶ 11 A stipulation is an admission which "may not be disregarded or set aside at will." *DLB Collection Trust v. Harris,* 893 P.2d 593, 595 (Utah Ct.App.1995) (citations omitted). However, a court may set aside a stipulation for inadvertence or justifiable cause "if the mistake is not due to failure to exercise due diligence and it could not have been avoided by the exercise of ordinary care." *State v. Velasquez,* 672 P.2d 1254, 1265 (Utah 1983). We note that "there is an institutional hesitancy to relieve a party from a stipulation negotiated and entered into with the advice of counsel." *Birch v. Birch,* 771 P.2d 1114, 1116 (Utah Ct.App. 1989); *see also Dove,* 710 P.2d at 171.

¶ 12 In this case, State Farm's counsel drafted the original statement of stipulated facts and then sent it to Rivera's counsel for review. After negotiation and numerous revisions, a final version was agreed to by the parties, completed, and presented to the trial court. There is no indication that State Farm did not understand or agree to the stipulation. Furthermore, in oral argument before the trial court, both parties relied on the stipulation. Counsel for State Farm presented the first argument. In the course of that presentation, counsel stated:

> Your Honor, we believe that based upon the language of the policy that was issued, that we can establish that there is no coverage available because the driver of the vehicle, whoever that might have been, was not an insured at the time of the accident. I think, Your Honor, all facts would indicate that Mr. Toledo was the driver. My understanding, however, based upon counsel's—for Rivera's plead-

---

2. The phrase "abuse of discretion" has come into common usage in review of judicial proceedings. Although it is seen by appellate courts as an efficient way of describing a more complex concept, it has also come to be seen by many as offensive. The phrase is used here simply to be consistent with prior case law regarding the standard of review to be applied to the trial court's actions. When a trial court abuses its discretion, it has exceeded the range of discretion allowed for the particular act under review. When it does not abuse its discretion, it has

stayed within the permitted range of discretion allowed. Use of the phrase "abuse of discretion" should not be misread to imply a conscious and intentional violation of the permitted discretion by the trial judge. Although such a willful disregard of the standards to be applied by the trial judge happens occasionally, it is certainly not the rule, and our use of "abuse" of discretion should not be read to imply such wrongful intent. We use "exceed the permitted range of discretion" and "abuse of discretion" interchangeably, meaning to describe exactly the same condition.

ing that *they may argue that Amy was the driver*. And I think, Your Honor, we can establish *either way that it would not matter* because there is not facts—there is not coverage for either.

(Emphasis added.) Later in the same argument, State Farm's counsel argued:

There is limited evidence, Your Honor, as—again, as to who was driving. The depositions that were taken, as I indicated, seem to indicate that Toledo was. But *even under the argument that if Amy was driving at the time of the accident,* she was driving without the permission of her mother. And *even though she may have been an insured under the policy,* she was driving without the consent, and therefore it takes it outside of coverage.

(Emphasis added.)

¶ 13 Rivera's attorney argued that under the facts as stipulated to by State Farm, Amy, as an insured under the policy, could have been driving. If so, State Farm would be liable for Rivera's injuries and claims. Thereafter, State Farm's counsel argued further:

[Counsel for Rivera has argued] indicating that regardless of whether or not she [meaning Amy] has permission or not, she's covered. And we dispute that.... In the context of the overall case, Your Honor, for purposes—*we were trying to get the stipulation here so that the Court can make a ruling.*

(Emphasis added.)

¶ 14 State Farm made no objection before the trial court to Rivera's claim that Amy was driving, for purposes of determining liability under the policy. In fact, State Farm specifically stated that it did not "want to back out of the stipulation." Although State Farm now argues that it could not reasonably foresee that Rivera would assert that Amy was driving the car at the time of the accident, State Farm accepted that as a fact for purposes of arguing the motions for summary judgment. State Farm clearly took the position that Amy could have been driving, but that under the policy language she would not have coverage anyway. The trial court took State Farm at its stipulated word and concluded that the application of the policy

language to those stipulated facts amounted to liability for State Farm.

¶ 15 State Farm's stipulation that it did not matter who was driving at the time of the accident was only a mistake because the trial court disagreed with State Farm's interpretation of the policy language. State Farm's error in agreeing to the stipulated language arose from a misjudgment of its legal position, not from a misunderstanding of what it was stipulating to, as a matter of fact. It could clearly have been avoided by simply "exercis[ing] due diligence and ... ordinary care." *Velasquez,* 672 P.2d at 1265; *see also United Factors v. T.C. Assocs., Inc.,* 21 Utah 2d 351, 354, 445 P.2d 766, 769 (1968) (refusing to set aside stipulation where "a lack of full knowledge of the facts ... was plainly due to [the] failure to exercise due diligence to ascertain them").

¶ 16 The trial court accepted the stipulation, and we see no reason to relieve State Farm from the stipulation. The stipulation simplified the proof on a contested factual question and did not purport to bind the court on a point of law. Although State Farm's claim that its inadvertence in entering into the stipulation empowered the trial court to exercise its discretion to void the stipulation, the trial court's refusal to do so was not an abuse of discretion. In other words, it did not exceed the range of discretion given the trial court under these circumstances. *See Wheeler v. John Deere Co.,* 935 F.2d 1090, 1098 (10th Cir.1991) (stating trial courts "are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside"). Accordingly, we affirm the trial court's order denying State Farm's motion to strike the stipulated facts.

## II. INSURANCE COVERAGE

¶ 17 Accepting the efficacy of the stipulation, the sole issue left to be determined is whether that stipulation supports the trial court's conclusion that State Farm is required to provide coverage for Rivera's injuries and claims under Linda Motuapuaka's policy. To determine whether the policy pro-

vides coverage, we turn to the express language of the policy. It defines an insured person as:

1. *you;*
2. your spouse;
3. *the relatives of the first person named in the declarations;*
4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and
5. any other person or organization liable for the use of such a car by one of the above insureds.

(Emphasis added.) In the policy, "you" refers to the named insured listed on the declarations page of the policy, in this case Linda Motuapuaka. It is undisputed that Amy Motuapuaka was Linda Motuapuaka's daughter, and therefore a relative of the first person named in the policy's declarations, making her an "insured" under the policy. Thus, by the clear and unambiguous terms of the policy, State Farm would be obligated to provide coverage here if Amy Motuapuaka was driving Linda's vehicle at the time of the accident.

¶ 18 The remaining issue is the appropriate interpretation of the stipulation language. In this case, State Farm and the other parties stipulated that "[f]or purposes of insurance coverage by State Farm, . . . it does not matter whether Amy Motuapuaka or Phillip Toledo were driving Linda Motuapuaka's car at the time of the accident." Based on this stipulation, the trial court accepted Rivera's contention that Amy was driving at the time of the accident, and therefore declared that under the language of the policy, State Farm was liable for Rivera's injuries and claims.

¶ 19 In determining whether the trial court correctly interpreted the language of the stipulation in reaching this conclusion, we look again to the statements of State Farm relating to the stipulation during the arguments on the summary judgments, as described above. State Farm expressly included in its argument the possibility that Amy was the driver, believing that the policy terms would provide no coverage under that circumstance. State Farm specifically indicated to the trial court that it wished to have the question of liability to Rivera resolved, one way or the other, and for that purpose had entered into the stipulation with Rivera regarding the facts surrounding the accident. State Farm expressly noted in the course of its argument on the cross-motions for summary judgment that Rivera was suggesting Amy was the driver at the time of the accident. State Farm accepted that proposition for purposes of getting a decision from the trial court on liability. It did so not because it believed the proposition to be factually accurate, but because it was willing to allow that factual possibility, believing as it did that the policy language would not extend coverage for Rivera under those circumstances.

¶ 20 State Farm clearly intended the stipulation to address the contested facts regarding who was driving the vehicle at the time of the accident. It knew Rivera claimed that Amy was driving. This position was different from that originally taken by Rivera in her complaint, where she alleged Phillip was the driver. But it was also completely consistent with the position taken by State Farm in response to the complaint, when it denied that Phillip was the driver, leaving Amy as the only possible driver at the time of the accident. Both parties were at liberty to reassess their factual allegations in light of the carefully negotiated and agreed upon stipulation to the effect that it could have been either Phillip or Amy, and that this distinction was immaterial for purposes of having the trial court determine the extent of State Farm's liability for the injuries and claims of Rivera, the only occupant of the vehicle who was not a possible driver.

¶ 21 Having thoughtfully and expressly allowed that possibility, State Farm is no longer able to claim that Amy was *not* the driver. The trial court was at liberty to accept the interpretation advanced by Rivera, that Amy was the driver, because State Farm knowingly accepted and chose consciously not to contest such an interpretation of the stipulated facts. With that contested fact resolved by the stipulation of the parties, State Farm's liability rests entirely upon the language of its policy of insurance with Linda Motuapuaka. State Farm's policy provides that it will

"pay damages which an insured becomes legally liable to pay because of ... bodily injury to others, and ... damage to or destruction of property including loss of its use."

¶ 22 Amy was an insured as defined by State Farm's policy, and as a result, State Farm is liable for Rivera's injuries and claims. Because the question of liability is resolved, only the extent of injury and damages flowing therefrom remain to be determined. Accordingly, we affirm the trial court's denial of State Farm's motion for partial summary judgment and the grant of Rivera's motion for partial summary judgment.[3]

## CONCLUSION

¶ 23 We conclude the trial court did not exceed its permitted range of discretion by denying State Farm's motion to strike the stipulated facts. Therefore, the facts stipulated to, as argued by both Rivera and State Farm before the trial court, permit the interpretation that Amy Motuapuaka was driving the vehicle at the time of the accident. Furthermore, because Amy was an insured person under the express terms of Linda Motuapuaka's policy, State Farm is required to provide coverage for Rivera under the policy, as determined by the trial court.

¶ 24 Affirmed and remanded for further proceedings consistent with this opinion.

¶ 25 Justice DURHAM, Justice DURRANT, and Judge DAVIS concur in Justice WILKINS' opinion.

RUSSON, Associate Chief Justice, dissenting:

¶ 26 I respectfully dissent. Justice Wilkins' opinion neglects to recognize that while counsel may stipulate as to facts, " 'such is not the case ... when points of law requiring judicial determination are involved.' " *Adkins v. Uncle Bart's, Inc.,* 2000 UT 14, ¶ 40, 1 P.3d 528 (quoting *First of Denver Mortgage Investors v. C.N. Zundel & Assocs.,* 600 P.2d 521, 527 (Utah 1979)). It is generally held,

and our research has found no states which rule otherwise, that "[p]arties cannot bind a court by stipulating to ... the legal effect of facts." *Domagalski v. Industrial Comm'n,* 97 Ill.2d 228, 73 Ill.Dec. 435, 454 N.E.2d 295, 298 (1983); *see also Swift & Co. v. Hocking Valley Ry. Co.,* 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722 (1917); *Valdez v. Taylor Auto. Co.,* 129 Cal.App.2d 810, 278 P.2d 91, 97 (1954); *District of Columbia v. Coleman,* 667 A.2d 811, 820 n. 14 (D.C.1995); *People v. Levisen,* 404 Ill. 574, 90 N.E.2d 213, 216 (1950); *Bright v. LSI Corp.,* 254 Kan. 853, 869 P.2d 686, 690–91 (1994); *Garden State Plaza Corp. v. S.S. Kresge Co.,* 78 N.J.Super. 485, 189 A.2d 448, 457–58 (App.Div.1963); *City of Houston v. Deshotel,* 585 S.W.2d 846, 849 (Tex.Civ.App.1979). The rationale for this rule is that if we were to "be bound by an erroneous stipulation of law, then an erroneous concept of the law espoused by one or more of the parties would compel the court to adopt an erroneous precedent." *Bright,* 869 P.2d at 690 (internal quotation omitted). "The stipulation requires the trial court to affirm, as factually true, a claim which may not, in light of the record before the trial court, be factually true." *Id.* at 690–91. We cannot allow a stipulation to rule the legal effect of the facts that are before the trial court.

¶ 27 Parties can stipulate to facts, and such stipulations are generally binding on the court. *See Adkins,* 2000 UT 14 at ¶ 40, 1 P.3d 528. Parties can sometimes even stipulate as to conclusions of law, such as liability. However, parties cannot stipulate to facts and then dictate the legal effect of those facts. Stipulations as to "the legal effect of a contract," "the sufficiency ... of evidence to prove a given fact," or "the legal conclusion from a given state of facts" are inoperative because they bind the court on a question of law. 83 C.J.S. *Stipulations* § 10(e) (1953).

¶ 28 The parties in this case stipulated as follows:

47. For purposes of insurance coverage by State Farm, the parties stipulate that it

---

**3.** Although State Farm raises other arguments why Linda Motuapuaka's policy does not provide coverage for Rivera's injuries and claims, we do

not reach them because of our disposition on this issue.

does not matter whether Amy Motuapuaka or Phillip Toledo were [sic] driving Linda Motuapuaka's car at the time of the accident.

Contrary to the statement in paragraph 47 of the stipulation, however, it *does* matter, as to the legal effect of the insurance contract, whether Amy Motuapuaka or Phillip Toledo was driving Linda Motuapuaka's car at the time of the accident. If Amy Motuapuaka was driving the car at the time of the accident, she is clearly covered by the State Farm policy because she is the daughter of the named insured. *See* Utah Code Ann. § 31A–22–303(1)(a)(iii) (Supp.1999). However, if Phillip Toledo was driving, he would be covered only if he received permission from the named insured, Linda Motuapuaka, or her spouse, if any. *See id.* § 31A–22–303(1)(a)(ii)(A).

¶ 29 As plaintiffs concede, paragraph 47 of the stipulation is an agreement as to the legal effect of the insurance policy. However, the insurance policy is a written instrument, and the construction and "legal effect of written instruments is necessarily a question of law, and hence is one that must be determined by the court." *Verdi v. Helper State Bank,* 57 Utah 502, 510, 196 P. 225, 228 (1921); *see also Swift,* 243 U.S. at 289, 37 S.Ct. 287 (holding that court must decide case on basis of facts admitted, unaffected by stipulation made by counsel). Thus, paragraph 47, as to the legal effect of the stipulated facts, is ineffective. As a result, the trial court had a duty to determine the legal effect of the facts before it. By allowing the stipulation to determine the question of law rather than doing so itself, the trial court abused its discretion.

¶ 30 Therefore, I would reverse and remand for a factual determination of who was driving the car at the time of the accident and whether that person was an insured under the terms of the insurance contract.

¶ 31 Having disqualified himself, Chief Justice HOWE does not participate herein; Court of Appeals Judge JAMES Z. DAVIS sat.