517 P.2d .1008

**Dudley M. AMOSS, Plaintiff and Appellant,**

**v.**

*Don W. BENNION, Administrator of the Estate of Heber Bennion, Jr., et al.,* **Defendants and Respondents.**

**Don Weiler BENNION, Executor of the Estate of Heber Bennion, Jr., et al., Plaintiffs and Respondents,**

**v.**

**Dudley M. AMOSS and Diana M. Amoss, *his wife, Defendants and Appellants.***

**No. 13084.**

Supreme Court of Utah.

Dec. 27, 1973.

Bryce E. Roe, of Roe & Fowler, Salt Lake City, for plaintiff-appellant.

Reed L. Martineau, of Worsley, Snow & Christensen, Arthur H. Nielsen, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for defendants-respondents.

TIBBS, District Judge:

On August 12, 1964, the appellant, Dudley M. Amoss, entered into a contract with respondents' predecessor, Heber Bennion, and others, by the terms of which he was to purchase and they were to sell the Bennion Ranch, consisting of real and personal properties.

This is the fourth time this court has been called upon to settle differences in regards to the transaction and the problems arising out of it. The prior decisions are Amoss v. Bennion, 18 Utah 2d 251, 420 P. 2d 47 (1966); Amoss v. Bennion, 23 Utah 2d 40, 456 P.2d 172 (1969); and Bennion v. Amoss, 28 Utah 2d 216, 500 P.2d 512 (1972).

This case is concerned with consolidated actions Civil No. 132, (for alleged tortious interference with the Amoss farming operations) and Civil No. 135 (the foreclosure action between the same parties cited above in 28 Utah 2d 216, 500 P.2d 512 in which the damages sought in Civil No. 132 were asserted as a counterclaim) both actions having been consolidated for trial pursuant to stipulation.

The first Supreme Court decision between these same parties dated November 15, 1966, remanded the case to the lower court to enter a judgment consonant with the Court's conclusion. See 420 P.2d at 49.

When the lower court prepared the proposed decree there were objections and motions. The parties entered into a stipulation settling some differences and reserving others for further proceedings. This stipulation made reference to paragraphs 7, 10 and 11 of plaintiff's motion, dated August 8, 1967, and the same provision was included in the court's findings of fact, conclusions of law and judgment dated August 7, 1968.

The stipulation and lower court's judgment are specific in reserving the claims of plaintiff-appellant to be determined at a future time. The stipulation provided:

7. The following matters are separable from the Decree to be entered in this case, and shall be resolved either by agreement or a separate action, it having

**314**

been agreed that the decree is not res judicata as to them:

(b) Plaintiff's claim for damages resulting from the matters other than those relating to 52 shares of water stock set out in paragraphs 7, 10, 11 of Plaintiff's Motion herein dated August 8, 1967.

The paragraph 7 referred to stated:

7. *During the pendency of the action* the Defendants have interfered with the plaintiffs' possession and enjoyment of the property, and have otherwise diminished the property in value by, among other things, the following conduct:

(a) Interference with the Plaintiff's farming operations on the property to be conveyed.

(b) through (f).

Paragraph 10 involved claims for the value of "electrical power services, maintenance of crops and care of horses" *which occurred after the filing of the suit on October 25, 1064.*

Paragraph 11 stated:

11. *During the pendency of the action,* the Defendants damaged the Plaintiff's tractor, necessitating repairs in the amount of approximately $600.00; drove the Plaintiff's lambs into a burr field, resulting in a diminition of their value of approximately $1.00 per head. (All emphasis added)

Consequently, by the stipulation of the parties adopted by the district court in its findings and decree all matters not specifically reserved were settled and the court's decree became res adjudicata as to them.

When this case, Civil No. 132, was tried the court allowed testimony and evidence to go to the jury over the defendant's objection concerning Heber Bennion's sale of cattle to a Mr. Broadbent of 79 cows and 50 calves on October 22, 1964, which according to the court's later ruling and this court's present view was a matter that was not reserved by the stipulation as above set forth because the sale was not during the pendency of the action and was prior to October 25, 1964.

The jury awarded a verdict of $10,000 in favor of appellant after the jury foreman sent a written question to the court asking whether or not the sale by Bennion of cattle to Broadbent could be construed as a business interference.

The court on a motion for judgment notwithstanding the verdict or in the alternative a new trial rule that substantial error was committed in permitting the jury to consider the Bennion sale of cattle to Broadbent and entered an order granting a new trial but excluding from the matters to be considered upon the retrial any acts occurring prior to the filing of the complaint and specifically excluding any consideration of damages for the Bennion sale of cattle on October 22, 1964.

The new trial was set for June 21, 1972. The court was advised that appellant elect-

ed not to go forward and the court entered its judgment of dismissal of the complaint in Civil No. 132 and the counterclaim in case No. 135.

The appellant contends the setting aside of the jury verdict and granting the new trial was error in that the evidence of the sale of cattle was a business interference, was an independent tort and was not barred by the judgment entered in the prior action.

The district court granted the judgment of dismissal after the plaintiffs elected not to go forward because they disagreed with the court's granting of a new trial, on the limited issues.

A ruling on a motion for a new trial will not be disturbed on appeal except when there is a clear or manifest abuse of discretion. The granting of a new trial is more reluctantly interfered with than a denial of a new trial and a more stronger showing is necessary for reversal where a new trial is granted than where it is denied.[1]

A motion for a new trial that is granted based on an error at law is subject to review. The court has reviewed the record and can find no error at law.

The trial court properly ruled that the court decree of August 7, 1968, was res adjudicata as to the offerings of evidence of the Bennion sale of cattle made prior to commencement of the action. This issue was not reserved for future consideration by the stipulation of the parties and the decree of the court entered therein is res adjudicata.

Judgment affirmed.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., having disqualified himself, does not participate herein.

1. 5A C.J.S. Appeal and Error § 1619e.