**Reid E. JENSEN, Plaintiff and Appellant,**

v.

**Connie Gail THOMAS, Defendant and Respondent.**

**No. 14838.**

Supreme Court of Utah.

Oct. 5, 1977.

Robert J. DeBry, Salt Lake City, for plaintiff and appellant.

Stephen B. Nebeker, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff appeals from an order of the District Court for Salt Lake County denying plaintiff's motion for a new trial, brought pursuant to Rule 59(a)(3), Utah Rules of Civil Procedure on the ground that plaintiff was surprised by the testimony of defendant's expert witness. Affirmed. Costs to defendant.

This was an action to recover damages for personal injuries arising out of an automobile collision. The jury was directed on the issue of negligence and instructed to find in favor of the plaintiff if it was found that the collision was a proximate cause of plaintiff's medical complaints. The jury re-

turned a verdict in favor of defendant and against plaintiff, no cause of action.

Plaintiff complained of seeing flashing lights and sustaining blurred vision, which had their onset immediately after the collision and had increased in intensity over the two years prior to the trial. This condition was diagnosed as transient ischemic attacks (herein T.I.A.), and characterized by the doctors as "mini-strokes."

■ Plaintiff argues that defendant violated Rule 26(e)(1), Utah Rules of Civil Procedure,[1] by calling as an expert witness, Dr. Edward Hershgold, who was allowed to give his opinion with regard to the cause of plaintiff's T.I.A.

In answer to an interrogatory submitted by plaintiff, defendant stated in substance that she would call Dr. Hershgold to testify concerning Raynaud's disease. After plaintiff took Dr. Hershgold's deposition, at which the doctor testified extensively about this disease and not T.I.A., counsel for plaintiff informed defendant's counsel that plaintiff would not proceed on his claim of a causal relationship between the collision in this matter and Raynaud's disease but would proceed solely on the theory that the collision caused T.I.A.

When defendant, at trial, called Dr. Hershgold to testify, no objection to his anticipated testimony (viz., on Raynaud's disease) was interposed, though by plaintiff's abandonment of the initial claim by him of a relationship between Raynaud's disease and the collision, the whole subject of this disease would be immaterial. And, further, no objection to the doctor's testimony was made, though he mentioned, inter alia, T.I.A., and added, "which I imagine, would be *pertinent* to address *here.*" (Emphasis added.) The doctor continued to

testify about T.I.A. generally and other matters before an objection by plaintiff was interposed on the basis of surprise, as well as a motion to strike.

The objection was not timely. On the contrary, it should have been made before the doctor testified at all, because of immateriality as noted above; certainly it should have been interposed immediately after the quoted statement concerning T.I.A. was made by the doctor.[2]

Although other specific matters are raised by the parties concerning the issue of surprise in support of their respective positions, they need not be discussed herein as the issue of untimeliness is dispositive.

■ A ruling on a motion for a new trial will not be disturbed on appeal except when there is a clear abuse of the Court's discretion.[3] We do not believe the Court abused its discretion in denying that motion on the basis of Rule 59(a)(3), as that rule speaks of surprise "which ordinary prudence could not have guarded against." On the contrary, the surprise could, we believe, have been guarded against.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

1. This Rule states:

    A party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . (B) the identity of each person expected to be called as an expert witness at trial, and the subject matter on which he is expected to testify.

2. See McCormick on Evidence, 2nd Ed., 1972, Section 52, p. 113.

3. *Amoss v. Bennion,* 30 Utah 2d 312, 517 P.2d 1008 (1973).