2011 UT App 239

**PRINSBURG STATE BANK,**
**Plaintiff and Appellant,**

v.

Roland E. ABUNDO; Lindsay T. Atwood; Robert Thurston; Donald R. Baker; Jeffrey Gold; Knighton Optical, Inc.; and Alpine Vision, Inc., Defendants and Appellees.

No. 20100712–CA.

Court of Appeals of Utah.

July 29, 2011.

Brad C. Smith and Samuel A. Hood, Ogden, for Appellant.

Blake D. Miller and Joel T. Zenger, Salt Lake City, for Appellees.

Before Judges DAVIS, THORNE, and ROTH.

## OPINION

THORNE, Judge:

¶1 Prinsburg State Bank (Prinsburg) appeals from the district court's judgment of dismissal, which was issued upon the stipulation of the parties. We affirm.

## BACKGROUND

¶2 In April 2006, Prinsburg sued Robert Thurston; Knighton Optical, Inc. (Knighton); and Alpine Vision, Inc. (Alpine) over two loan agreements entered into between Alpine and Prinsburg's predecessor in interest. The lawsuit also named Roland E. Abundo, Lindsay T. Atwood, Donald R. Baker, and Jeffrey Gold (collectively, the Guarantors), who had each executed a personal guarantee for these loans. After it had initiated the lawsuit, Prinsburg arranged to have certain collateral securing the loans sold. Prinsburg did not give notice of the sale to the Guarantors, nor

did it apply the profits of the sale to the Alpine loans. Rather, it applied the profits to other debt owed by Knighton, which had acquired a majority ownership interest in Alpine.

¶ 3 When Prinsburg sought to recover the monies due on the loans by filing this lawsuit, the Guarantors defended on the grounds that Article 9 of the Uniform Commercial Code applied to Prinsburg's disposal of the collateral and that Article 9 required presale notice to the Guarantors, the application of sale proceeds to the secured loans, and a commercially reasonable sale. The district court granted partial summary judgment to the Guarantors, ruling that Article 9 applied and required notice, but reserved the issue of whether the sale was commercially reasonable for trial because there were unresolved material questions of fact on that issue.

¶ 4 The parties subsequently submitted a signed document entitled Stipulated Findings of Fact and Conclusions of Law. The stipulation stated that Prinsburg and the Guarantors "stipulate[d] to the following findings of fact and conclusions of law, which resolve this matter in its entirety in favor of Defendants with the exception of a determination of the amount of reasonable attorneys fees and costs to be awarded Defendants as the prevailing party." The parties' stipulation went further than the district court's summary judgment ruling in that it stated that the sale was not conducted in a commercially reasonable manner.

¶ 5 Expressly relying on the parties' stipulation, the district court proceeded to enter judgment dismissing all of Prinsburg's claims with prejudice. The judgment stated that the parties' prior stipulation had "resolved all outstanding issues except attorneys' fees" and that "Plaintiff's claims against Defendants are hereby dismissed with prejudice for the reasons set forth in the Court's Memorandum Decision and the Stipulated Findings of Fact and Conclusions of Law." The parties did not stipulate to the judgment itself, but the judgment was drafted by Prinsburg's counsel. Prinsburg did not seek relief from the judgment in the district court prior to bringing this timely appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Prinsburg raises multiple issues on appeal, arguing that the guarantees are enforceable, that Article 9 did not apply to the guarantees, and that the Guarantors waived their subrogation rights. We do not reach these issues because we determine that the district court properly entered the judgment pursuant to the parties' stipulation. *See generally John Deere Co. v. A & H Equip., Inc.,* 876 P.2d 880, 883 (Utah Ct.App.1994) (stating that we review a trial court's enforcement of a stipulated settlement agreement only for abuse of discretion).

## ANALYSIS

■ ¶ 7 Prinsburg asks us to review questions on appeal that were expressly resolved against it in the parties' stipulation and the resulting judgment. We determine that Prinsburg failed to preserve these issues for appeal when it stipulated to their resolution and did not subsequently ask the district court to limit or modify the judgment resulting therefrom.

■ ¶ 8 "Generally, a trial court's summary enforcement of a settlement agreement will not be reversed on appeal unless it is shown that there was an abuse of discretion." *Id.* (internal quotation marks omitted). Further, determinations as to the intended scope of a stipulation or settlement agreement present questions of fact that are appropriately directed, in the first instance, to the district court. *See Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC,* 2009 UT 65, ¶ 73, 221 P.3d 234 ("The intent of the parties involves a question of fact and should be dealt with accordingly."). And, in order to preserve an issue for appeal, a party must initially present it "to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.,* 2004 UT 72, ¶ 51, 99 P.3d 801 (internal quotation marks omitted).

¶ 9 Here, the parties unambiguously stipulated to the factual resolution of the sole issue that survived summary judgment, and their written stipulation expressly stated that it "resolve[d] this matter *in its entirety* in

favor of Defendants." (Emphasis added.) Any doubt that the stipulation resolved the entire matter was removed when the district court entered judgment, in an order drafted and submitted by Prinsburg's counsel, dismissing all of Prinsburg's claims, "[b]ased upon ... the [parties'] Stipulated Findings of Fact and Conclusions of Law."

¶ 10 If Prinsburg believed that the judgment of complete dismissal exceeded the scope of the parties' agreement, it should have sought relief from the judgment in the district court on that basis. Such relief could have been sought pursuant to rule 59 or 60 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 59 (allowing motions to alter or amend a judgment); *id.* R. 60 (allowing motions for relief from judgment). Prinsburg's failure to seek such relief renders its current arguments unpreserved for appeal, and we decline to address them.

## CONCLUSION

¶ 11 Prinsburg stipulated to the complete resolution of this matter and failed to seek relief from the resulting judgment in the district court. Accordingly, its arguments have not been preserved for appeal and we do not address them. Affirmed.[1]

¶ 12 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and STEPHEN L. ROTH, Judge.

---

1. We do not intend our decision to preclude Prinsburg from prospectively seeking relief from the judgment in the district court, and we express no opinion on the availability of such relief.