2012 UT 94

**PRINSBURG STATE BANK,**
Plaintiff and Petitioner,

v.

Roland E. ABUNDO; Lindsay T. Atwood; Robert Thurston; Donald W. Baker; Jeffrey Gold; Knighton Optical, Inc.; and Alpine Vision, Inc., Defendants and Respondents.

No. 20110755.

Supreme Court of Utah.

Dec. 28, 2012.

Brad C. Smith, Samuel A. Hood, Ogden, for petitioner.

Blake D. Miller, Joel T. Zenger, Salt Lake City, for respondents.

Chief Justice DURRANT, opinion of the Court:

## INTRODUCTION

¶ 1 This case requires us to consider whether a party who has stipulated to the resolution of its claims may subsequently challenge that resolution on appeal. In this case, after the district court denied all but one of Prinsburg State Bank's (Prinsburg's) claims on summary judgment, the parties stipulated to the resolution of each of the issues they had presented to the court. Specifically, the parties stipulated to a list of statements that were consistent with the district court's findings and conclusions, and additionally to a statement that resolved the remaining claim in favor of the defendants. Accepting the parties' stipulations, the court resolved this case by summarily denying all of Prinsburg's claims. When Prinsburg appealed, the court of appeals declined to consider Prinsburg's arguments, concluding that the parties' stipulations unambiguously resolved the case and precluded appellate review.[1] We affirm, but on alternative grounds. We conclude that, because Prinsburg stipulated to the district court's resolution of this case, it is estopped from challenging that resolution on appeal.

---

1. *Prinsburg State Bank v. Abundo*, 2011 UT App 239, ¶ 10, 262 P.3d 454.

## BACKGROUND

¶ 2 In 1998 and 1999, Alpine Vision entered into two loan agreements with First Security Bank. Alpine Vision secured the loans with its collateral. Additionally, several individuals (Guarantors) each executed personal guarantees for the loans. Each guarantee states that the Guarantor agrees to pay Prinsburg's "costs and expenses, including reasonable attorneys' fees ... incurred in connection with the enforcement of this Guaranty."

¶ 3 In 2001, Knighton Optical purchased the remaining interest in Alpine Vision. In 2005, Knighton Optical defaulted on the loans. By that time, First Security Bank's successor in interest, Prinsburg, held the loans. Prinsburg initiated a lawsuit against the Guarantors to recover the balance. Prinsburg then sold the collateral, but did not apply the proceeds of the sale to the outstanding balance of the loans.

¶ 4 Before the district court, the Guarantors argued that the Utah Uniform Commercial Code (UCC) governed the sale of the collateral, and that Prinsburg's sale of the collateral failed to comply with the UCC. Both parties moved for summary judgment. The district court denied Prinsburg's motion and granted the Guarantors' motion in part.

¶ 5 In its initial ruling, the court concluded that Article 9 of the UCC governs this case. Further, the court concluded that Prinsburg violated the UCC when it failed to notify the Guarantors of the sale, failed to conduct a commercially reasonable sale, and failed to apply the proceeds of the sale to the remaining balance of the loan. But the court left one issue unresolved, finding that genuine issues of material fact precluded summary judgment on the issue of whether the sale was commercially reasonable. Accordingly, the court did not determine which party was the prevailing party entitled to attorney fees under the reciprocal attorney fees statute.[2]

¶ 6 The parties then entered into an agreement entitled "Stipulated Findings of Fact and Conclusions of Law" (Stipulations). By their terms, the Stipulations "resolve this matter in its entirety in favor of [the Guarantors] with the exception of a determination of the amount of reasonable attorney fees and costs to be awarded [to the Guarantors] as the prevailing party." The Stipulations then list several statements, each of which is consistent with the district court's findings. Notably, the Stipulations state that the UCC governed Prinsburg's sale of the collateral, and that Prinsburg violated the UCC when it failed to notify the Guarantors of the sale, failed to conduct a commercially reasonable sale, and failed to apply the proceeds of the sale to the remaining balance of the loan. Further, the Stipulations state that Prinsburg's sale "was not conducted in a commercially reasonable manner." Finally, the Stipulations state that the Guarantors are the prevailing party and that they are entitled to recover their attorney fees and costs.

¶ 7 After the parties filed the Stipulations, the district court entered an amended final judgment, which Prinsburg drafted. The judgment simply states that "[j]udgment is denied on all of [Prinsburg's] claims." The judgment also awards attorney fees to the Guarantors as the prevailing parties under the terms of their guarantees.

¶ 8 Prinsburg appealed to the court of appeals and reasserted many of the arguments it had presented to the district court. But the court of appeals concluded that the Stipulations precluded appellate review of the issues.[3] Specifically, the court stated that "Prinsburg failed to preserve these issues for appeal when it stipulated to their resolution and did not subsequently ask the district court to limit or modify the judgment resulting therefrom."[4] The court noted that "the parties unambiguously stipulated to the factual resolution of the sole issue that survived summary judgment, and their written stipulation expressly stated that it 'resolved this matter *in its entirety* in favor of' the

---

**2.** *See* UTAH CODE § 78B–5–826 (permitting a court to award costs and attorney fees to the prevailing party in a case when the provisions of a contract allow at least one party to recover attorney fees).

**3.** *Prinsburg State Bank v. Abundo*, 2011 UT App 239, ¶ 7, 262 P.3d 454.

**4.** *Id.*

Guarantors."[5] Further, the court noted that "[i]f Prinsburg believed that the judgment of complete dismissal exceeded the scope of the parties' agreement, it should have sought relief from the judgment in the district court ... pursuant to rule 59 or 60 of the Utah Rules of Civil Procedure."[6]

¶ 9 Prinsburg then filed a petition for writ of certiorari, in which it asked us to review only the court of appeals' conclusion regarding preservation. We granted the petition on the following single issue: "Whether the court of appeals erred in holding [Prinsburg] did not preserve for appeal any of the issues it raised on appeal." But in its brief to us, Prinsburg raises many additional issues relating to the merits of the claims it presented to the district court: (1) whether the district court erred in granting summary judgment in favor of the Guarantors, (2) whether the district court erred in concluding that the UCC governs this case, and (3) whether the Guarantors waived an impairment of collateral defense. The Guarantors ask us to award them the fees and costs they have "incurred on appeal." We have jurisdiction pursuant to section 78A-3-102 (3)(a) of the Utah Code.

## STANDARD OF REVIEW

¶ 10 "On a writ of certiorari, we review the decision of the court of appeals, not that of the district court, and apply the same standard of review used by the court of appeals. We review the court of appeals' decision for correctness."[7] Further, a district court's decision to enforce a stipulation is reviewed for an abuse of discretion.[8]

## ANALYSIS

¶ 11 First, we consider whether the court of appeals erred in concluding that Prinsburg's claims were unpreserved and in declining to reach their merits. Second, we consider whether the Guarantors are entitled to recover the fees and costs they incurred on appeal.

## I. BECAUSE PRINSBURG STIPULATED TO THE DISTRICT COURT'S RESOLUTION OF THIS CASE, PRINSBURG IS ESTOPPED FROM CHALLENGING IT

¶ 12 The court of appeals declined to address Prinsburg's arguments, concluding that Prinsburg "failed to preserve these issues for appeal when it stipulated to their resolution and did not subsequently ask the district court to limit or modify the judgment resulting therefrom."[9] Prinsburg argues that the court of appeals erred in declining to reach the merits of its claims. Specifically, Prinsburg argues that "none of the parties understood or believed that the [Stipulations] precluded any appeal of the trial court's decision on summary judgment," and that both parties "acknowledged" to the court of appeals that this was their understanding. Instead, Prinsburg contends that although "[t]he parties may have employed somewhat artless language," the purpose of the Stipulations was to "advance the case for review, not to preclude review." We conclude that the Stipulations achieved the opposite result and ultimately preclude appellate review.

¶ 13 "A stipulation is an admission which may not be disregarded or set aside at will."[10] Generally, stipulations are binding

---

5. *Id.* ¶ 9 (alteration omitted).

6. *Id.* ¶ 10.

7. *Clark v. Clark*, 2001 UT 44, ¶ 8, 27 P.3d 538 (citations omitted) (internal quotation marks omitted).

8. *See Rivera ex rel. Rivera v. State Farm Mut. Auto. Ins. Co.*, 2000 UT 36, ¶ 7, 1 P.3d 539 (noting that "[a] motion to strike stipulated facts is reviewed under an abuse of discretion standard"); *Mascaro v. Davis*, 741 P.2d 938, 942 n. 11 (Utah 1987) (noting that "[t]he decision of a trial court to summarily enforce a settlement agreement will not be reversed on appeal unless

it is shown that there was an abuse of discretion"); *First of Denver Mortg. Investors v. C.N. Zundel & Assocs.*, 600 P.2d 521, 527 (Utah 1979) (permitting a court to set aside stipulations if "entered into inadvertently or for justifiable cause").

9. *Prinsburg State Bank v. Abundo*, 2011 UT App 239, ¶ 7, 262 P.3d 454.

10. *Rivera ex rel. Rivera v. State Farm Mut. Auto. Ins. Co.*, 2000 UT 36, ¶ 11, 1 P.3d 539 (internal quotation marks omitted).

on the parties and the court.[11] Thus, a stipulation entered into by the parties and accepted by the court "acts as an estoppel upon the parties thereto and is conclusive of all matters necessarily included in the stipulation."[12] A party who stipulates to a court's actions "may not ... complain about them on appeal."[13] Indeed, we have held that when parties, "instead of assembling witnesses and putting on their proofs, reduce their respective rights and priorities to writing and stipulate that a decree may be entered in conformity thereto, such contract if lawful has ... all the binding effect of findings of fact and conclusions of law made by the court."[14] Further, while "[a] court may modify its findings, ... it cannot change or modify a contract of the parties."[15]

¶ 14 Thus, when a court adopts a stipulation of the parties, the issues to which the parties have stipulated become "settled" and "not reserved for future consideration."[16] Accordingly, "there is an institutional hesitancy to relieve a party from a stipulation negotiated and entered into with the advice of counsel."[17] Under "certain conditions," however, a court may exercise its discretion to set aside a stipulation.[18] "First, the party seeking relief from the stipulation must request it by motion from the trial court. Second, the motion ... must be timely filed. Third, it must show that the stipulation was entered into inadvertently" or that it should be set aside "for justifiable cause."[19] And we will conclude that a stipulation was entered into inadvertently or that it should be set aside for justifiable cause only "if the mistake is not due to failure to exercise due diligence and it could not have been avoided by the exercise of ordinary care."[20] Further, we have noted that "it is unlikely that a stipulation signed by counsel and filed with the court was entered into inadvertently."[21]

¶ 15 In this case, the parties stipulated to the resolution of each of the issues Prinsburg asked the court of appeals to review. Indeed, although the Stipulations do not mention the district court's findings, each of the district court's conclusions are mirrored in the Stipulations. Thus, by entering into the Stipulations, Prinsburg explicitly agreed that the district court correctly resolved those issues. Further, the Stipulations clearly and concisely express their intended scope, stating that they "resolve this matter *in its entirety* in favor of [the Guarantors] with the exception of a determination of the amount of reasonable attorneys fees and costs to be awarded [the Guarantors] as the prevailing party."

¶ 16 The Stipulations are binding on the parties and the court unless Prinsburg shows that the "certain conditions" exist under

---

11. *Dove v. Cude*, 710 P.2d 170, 171 (Utah 1985).

12. *Yeargin, Inc. v. Auditing Div. of Utah State Tax Comm'n*, 2001 UT 11, ¶ 20, 20 P.3d 287 (internal quotation marks omitted).

13. *DLB Collection Trust v. Harris*, 893 P.2d 593, 595 (Utah Ct.App.1995); *see also Redev. Agency v. Mitsui Inv., Inc.*, 522 P.2d 1370, 1372–73 (Utah 1974) (declining to permit a party to "renege" on the stipulation it entered at trial, noting that the party "should not feel too badly abused to let [the stipulation] be regarded as the fact").

14. *Richlands Irrigation Co. v. Westview Irrigation Co.*, 96 Utah 403, 80 P.2d 458, 467 (1938).

15. *Id.*

16. *Amoss v. Bennion*, 30 Utah 2d 312, 517 P.2d 1008, 1009–10 (1973); *see also Redev. Agency v. Tanner*, 740 P.2d 1296, 1299–1300 (Utah 1987) (concluding that the parties' stipulations precluded "future determination" of the issues contained therein).

17. *Rivera*, 2000 UT 36, ¶ 11, 1 P.3d 539 (internal quotation marks omitted).

18. *Yeargin*, 2001 UT 11, ¶ 21, 20 P.3d 287.

19. *Id.* (emphasis omitted) (internal quotation marks omitted); *see also First of Denver Mortg. Investors v. C.N. Zundel & Assocs.*, 600 P.2d 521, 527 (Utah 1979) ("Parties are bound by their stipulations unless relieved therefrom by the court, which has the power to set aside a stipulation entered into inadvertently or for justifiable cause.").

20. *Rivera*, 2000 UT 36, ¶ 11, 1 P.3d 539 (internal quotation marks omitted).

21. *Yeargin*, 2001 UT 11, ¶ 21, 20 P.3d 287 (alteration omitted) (internal quotation marks omitted).

which the Stipulations may be set aside.[22] But Prinsburg cannot make this showing because it never filed a motion in the district court seeking relief from the Stipulations. Further, Prinsburg has not argued that the Stipulations were "entered into inadvertently" or that they should be set aside "for justifiable cause."[23] Indeed, the Stipulations were not only signed by Prinsburg's counsel—they were *drafted* by Prinsburg's counsel.[24] Accordingly, each issue resolved in the Stipulations is "settled" and "not reserved for future consideration."[25] Thus, the parties stipulated away their right to challenge the district court's resolution of the issues in this case. Prinsburg's mistaken belief about the effect of the Stipulations is unfortunate, but it does not change the result. We therefore conclude that the court of appeals properly declined to consider these arguments on appeal.[26]

¶ 17 But while we agree that Prinsburg's claims are barred, we disagree with the court of appeals' conclusion that they are all unpreserved.[27] "[T]o preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue."[28] To provide the court this opportunity, "(1) the issue must be raised in a timely fashion; (2) the issue must be specifically raised; and (3) a party must introduce supporting evidence or relevant legal authority."[29]

¶ 18 In this case, in its initial ruling, the district court resolved all but one of Prinsburg's arguments. Specifically, the court did not resolve the question of commercial reasonableness. Instead, the parties stipulated that the sale was not commercially reasonable. In so doing, the parties deprived the district court of the opportunity to consider this issue. And because the district court never ruled on it, the court of appeals and this court have been asked to decide this issue in the first instance. We agree with the court of appeals that this issue was not preserved, and we decline to consider it.

¶ 19 But the court resolved Prinsburg's remaining arguments. Thus, because the district court had an opportunity to—and in fact did—rule on these issues, they were preserved. Instead, these claims are barred only because the Stipulations "act[ ] as an estoppel upon the parties thereto and [are] conclusive of all matters necessarily included in the[m]."[30] Accordingly, although we af-

---

22. *See id.*

23. *See First of Denver Mortg. Investors,* 600 P.2d at 527.

24. *See Yeargin,* 2001 UT 11, ¶ 21, 20 P.3d 287 (noting that "it is unlikely that a stipulation signed by counsel and filed with the court was entered into inadvertently" (alteration omitted) (internal quotation marks omitted)).

25. *See Amoss,* 517 P.2d at 1009–10; *see also Tanner,* 740 P.2d at 1299–1300 (concluding that the parties' stipulations precluded "future determination" of the issues contained therein).

26. In its briefs to us, Prinsburg asks us to reach the merits of the claims it raised before the district court. Because we conclude that Prinsburg is bound by its stipulated resolution of these issues, we decline to consider them. Further, these issues are not properly before us because the court of appeals did not address them, and because they were neither presented in Prinsburg's petition for writ of certiorari nor included within our order granting certiorari. *See* Utah R. App. P. 49(a)(4) ("Only the questions set forth in the petition [for certiorari] or fairly included therein will be considered by the Supreme

Court."); *Hansen v. Eyre,* 2005 UT 29, ¶ 7 n. 3, 116 P.3d 290 (holding that the appellant's "other arguments are not properly before this court because they were neither included in his petition for certiorari nor decided by the court of appeals").

27. The court of appeals further noted that "[i]f Prinsburg believed that the judgment of complete dismissal exceeded the scope of the parties' agreement, it should have sought relief from the judgment in the district court ... pursuant to rule 59 or 60 of the Utah Rules of Civil Procedure," and that "Prinsburg's failure to seek such relief renders its current arguments unpreserved for appeal." *Prinsburg,* 2011 UT App 239, ¶ 10, 262 P.3d 454. We disagree. Filing a post-judgment motion is not a necessary prerequisite to filing an appeal. *Sittner v. Schriever,* 2000 UT 45, ¶ 16, 2 P.3d 442.

28. *Pratt v. Nelson,* 2007 UT 41, ¶ 15, 164 P.3d 366 (internal quotation marks omitted).

29. *Id.* (internal quotation marks omitted).

30. *See Yeargin,* 2001 UT 11, ¶ 20, 20 P.3d 287 (internal quotation marks omitted).

firm the decision of the court of appeals, we do so on alternative grounds.[31]

## II. THE GUARANTORS ARE ENTITLED TO THE ATTORNEY FEES AND COSTS THEY INCURRED IN RESPONDING TO PRINSBURG'S PETITION

¶ 20 The personal guarantees that the Guarantors executed obligated them to pay Prinsburg's "costs and expenses, including reasonable attorneys' fees ... incurred in connection with the enforcement of this Guaranty." Under the reciprocal attorney fees statute, this provision permitted the district court to award fees and costs to the prevailing party.[32] Accordingly, the district court awarded the Guarantors their attorney fees and costs. The Guarantors now ask us to additionally award them the fees and costs they have "incurred on appeal."

¶ 21 When this case was before the court of appeals, the Guarantors asked the court to award them the fees they incurred in responding to Prinsburg's appeal. Indeed, under the guarantees, because they were the prevailing parties, the Guarantors would have been entitled to recover the fees and costs incurred on appeal.[33] But the court of appeals did not respond to the Guarantors' request for additional attorney fees. Instead, the court's opinion is silent on that issue. And the Guarantors never filed a petition for rehearing to ask that the court rule on their request. Accordingly, because the Guarantors did not challenge the court of appeals' failure to rule on the issue, there is no basis for revisiting it on certiorari. Instead, we can conclude only that the Guarantors may recover the fees and costs they incurred in responding to Prinsburg's petition for certiorari before us. We therefore remand to the district court to determine the appropriate amount of attorney fees incurred by the Guarantors in responding to Prinsburg's petition.

## CONCLUSION

¶ 22 Because Prinsburg stipulated to the resolution of each issue in this case, we conclude that it is estopped from challenging the district court's resolution of those issues. Accordingly, we conclude that the court of appeals correctly declined to consider the merits of Prinsburg's arguments. And because the Guarantors are the prevailing party, they are entitled to recover the fees and costs they incurred in responding to Prinsburg's petition for certiorari.

Chief Justice DURRANT authored the opinion of the Court, in which Associate Chief Justice NEHRING, Justice DURHAM, Justice PARRISH, and Justice LEE joined.

---

**31.** Prinsburg attached a transcript of a district court hearing as an appendix to its reply brief to us. The Guarantors submitted a motion to strike the appendix because Prinsburg never made the transcript a part of the record on appeal pursuant to rule 11 of the Utah Rules of Appellate Procedure. Because we decline to consider the merits of Prinsburg's arguments, the appendix is not relevant to our opinion and we need not consider the Guarantors' motion.

**32.** *See* UTAH CODE § 78B-5-826.

**33.** *See R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 27, 40 P.3d 1119.