2013 UT App 186

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
TANGA BECKSTROM,
Defendant and Appellant.

Opinion
No. 20111081-CA
Filed July 26, 2013

Fourth District, Provo Department
The Honorable James R. Taylor
No. 101400296

Aaron P. Dodd and Dustin Parmley, Attorneys for
Appellant
John E. Swallow and Ryan D. Tenney, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES WILLIAM A. THORNE JR. and CAROLYN B. MCHUGH
concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Tanga Beckstrom appeals from an order of
restitution entered after her felony conviction for driving under the
influence of alcohol (DUI) that resulted in serious bodily injury to
another.[1] We affirm.

## BACKGROUND

¶2     On an evening in January 2010, a vehicle operated by
Defendant abruptly turned onto State Street in Lehi and proceeded

---

1. We commend the parties for their exemplary oral arguments in
this case.

in the direction of oncoming traffic. Defendant's vehicle collided with a car driven by a married couple (Husband and Wife). Defendant was heavily intoxicated at the time of the accident. Although Defendant was not seriously hurt, Husband and Wife were both seriously injured—indeed, Husband sustained permanent brain damage. Police officers responded to the scene shortly after the accident.

¶3     Because of heavy snowfall and poor road conditions, the officers asked Defendant to accompany them to the police station so that field sobriety tests could be conducted in a lighted, heated, and secured parking garage. The officers arrested Defendant at the station after she failed the field sobriety tests, admitted to consuming numerous shots of vodka prior to the accident, and registered a blood alcohol content of .228—nearly three times the legal limit.[2] The State charged Defendant with one count of DUI, *see* Utah Code Ann. § 41-6a-502 (LexisNexis 2010), a third degree felony based on the serious bodily injury suffered by Husband, *see id.* § 41-6a-503(2)(a), and one count of failing to yield, *see id.* § 41-6a-903, a class C misdemeanor, *see id.* § 41-6a-202(2).

¶4     Defendant filed a motion to suppress the evidence the officers gathered at the station, which the trial court denied. Defendant subsequently pleaded no contest to a third degree felony DUI, conditioned on her right to appeal the denial of her suppression motion.[3] Specifically, Defendant agreed to the following factual basis in her plea agreement:

---

2. "[U]nder Utah law, a 'blood or breath alcohol concentration of .08 grams or greater' is over the legal limit, rendering a person unable to drive legally." *See Taylorsville City v. Taylorsville City Emp. Appeal Bd.*, 2013 UT App 69, ¶ 4 n.1, 298 P.3d 1270 (quoting Utah Code Ann. § 41-6a-502(1)(a) (LexisNexis 2010)).

3. This court has since affirmed the trial court's denial of Defendant's suppression motion. *See State v. Beckstrom*, 2013 UT App 104, ¶ 15, 300 P.3d 773.

On or about 22 January 2010, in Lehi, Utah County [Defendant] operated a motor vehicle at a time when [she] was under the influence of alcohol to a degree that [she] could not safely operate the vehicle; as a result of entering a lane of travel, [she] collided with another vehicle; a passenger of the other vehicle suffered loss of consciousness and traumatic brain injury resulting in protracted impairment of his brain function.

On March 3, 2011, Defendant was sentenced to probation for thirty-six months, a jail term of 180 days, and a fine of $2,883. The issue of restitution was to be "held open."

¶5     The trial court scheduled a hearing for May 12, 2011, to determine restitution. However, that hearing was continued until June 16 so Defendant's trial counsel (Trial Counsel) could review Husband's and Wife's restitution information with the civil attorney that was handling those issues. Trial Counsel advised the court that he wanted to investigate Husband's and Wife's claimed expenses further before deciding whether to contest those amounts in the criminal case. At the June 16 restitution hearing, Defendant, acting on the advice of Trial Counsel, stipulated to complete restitution in the amount of $5,442.24 for Wife and $92,036.03 for Husband. The court then scheduled a review hearing to determine the amount of court-ordered restitution and instructed Defendant to complete a financial affidavit in preparation for that hearing.

¶6     Prior to the review hearing, Defendant filed a motion to reconsider and vacate the order of complete restitution. Defendant argued that despite her stipulation, the complete restitution order violated her due process rights because it was an unconstitutional taking and because it became a civil judgment against her even though a determination of comparative fault was never made. On November 17, 2011, the day of the restitution review hearing, the trial court denied Defendant's motion to vacate, thereby binding her to the stipulated amount. In addition, the court ruled that based on the evidence presented at the hearing, Defendant was capable of paying $300 per month in court-ordered restitution over the

course of her probation. The court also extended Defendant's probationary period to ninety-six months. Thus, the court's amended order of restitution required Defendant to pay court-ordered restitution in the amount of $28,800, with $1,607 to be paid to Wife and $27,193 to be paid to Husband. Defendant appeals.

ISSUES AND STANDARDS OF REVIEW

¶7     On appeal, Defendant challenges the trial court's determination of both complete restitution and court-ordered restitution. "[I]n the case of restitution, a reviewing court will not disturb a district court's determination unless the court exceeds the authority prescribed by law or abuses its discretion." *State v. Laycock*, 2009 UT 53, ¶ 10, 214 P.3d 104. With regard to the complete restitution amount, we must first determine if Defendant's stipulation to an amount of complete restitution precludes her claims on appeal. Defendant argues that even if she is estopped from challenging complete restitution, Trial Counsel rendered ineffective assistance by advising her to stipulate to the amount of complete restitution. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

ANALYSIS

I. Defendant's Stipulation Estops Her from Challenging the Complete Restitution Determination on Appeal.

¶8     Defendant argues that the trial court's acceptance of the stipulated amount of complete restitution was erroneous because the court unconstitutionally deprived her of her right to due process and abused its discretion in entering the complete restitution order without providing an opportunity to discover and present evidence of comparative negligence. "When a defendant is convicted of criminal activity that has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution to victims of

[the defendant's] crime . . . ." Utah Code Ann. § 77-38a-302(1) (LexisNexis 2012). When making a restitution determination, the court "shall determine complete restitution and court-ordered restitution." *Id.* § 77-38a-302(2). "'Complete restitution' means restitution necessary to compensate a victim for all losses caused by the defendant," whereas "'[c]ourt-ordered restitution' means the restitution the court . . . orders the defendant to pay as a part of the criminal sentence at the time of sentencing or within one year after sentencing." *Id.* § 77-38a-302(2)(a)–(b).

¶9      Defendant is estopped from raising her complete restitution claims on appeal because she stipulated to the amount of complete restitution and did not properly challenge the trial court's denial of her motion to vacate that stipulation. In *Prinsburg State Bank v. Abundo*, 2012 UT 94, 296 P.3d 709, the supreme court observed that because "stipulations are binding on the parties and the court," "a stipulation entered into by the parties and accepted by the court 'acts as an estoppel upon the parties thereto and is conclusive of all matters necessarily included in the stipulation.'" *Id.* ¶ 13 (quoting *Yeargin, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 2001 UT 11, ¶ 20, 20 P.3d 287). Also, the moment "a court adopts a stipulation of the parties, the issues to which the parties have stipulated become 'settled' and [are] 'not reserved for future consideration.'" *Id.* ¶ 14 (quoting *Amoss v. Bennion*, 517 P.2d 1008, 1009–10 (Utah 1973)); *see also Rivera v. State Farm Mut. Auto. Ins. Co.*, 2000 UT 36, ¶ 11, 1 P.3d 539 ("[T]here is an institutional hesitancy to relieve a party from a stipulation negotiated and entered into with the advice of counsel." (citation and internal quotation marks omitted)). Thus, "[a] party who stipulates to a court's actions 'may not . . . complain about them on appeal.'" *Prinsburg State Bank*, 2012 UT 94, ¶ 13 (omission in original) (quoting *DLB Collection Trust v. Harris*, 893 P.2d 593, 595 (Utah Ct. App. 1995)).

¶10     Accompanied by Trial Counsel, Defendant stipulated to the amount of complete restitution in open court. Prior to entering into the stipulation, Defendant received the advice of Trial Counsel and had more than three months after the sentencing hearing to consider whether to enter into the stipulation. Trial Counsel even requested and received a continuance of the original restitution

hearing so he could review Husband's and Wife's restitution information with Husband and Wife's civil attorney. Trial Counsel expressed his desire to investigate the validity of the claimed expenses before having Defendant stipulate to such an amount. Thus, it is clear that Defendant, with the advice of Trial Counsel, willingly entered into a binding stipulation with full opportunity to investigate the attendant circumstances and consequences of doing so. Accordingly, we hold that Defendant is estopped from contesting the trial court's determination of complete restitution.[4]

¶11    There are instances where a trial court "may exercise its discretion to set aside a stipulation," assuming certain conditions are met. *Prinsburg State Bank*, 2012 UT 94, ¶ 14. "'First, the party seeking relief from the stipulation must request it by motion from the trial court. Second, the motion . . . must be timely filed. Third, [the motion] must show that the stipulation was entered into inadvertently' or that it should be set aside 'for justifiable cause.'" *Id.* (omission in original) (quoting *Yeargin*, 2001 UT 11, ¶ 21). A finding of inadvertence or justifiable cause is available only "'if the mistake is not due to failure to exercise due diligence and it could not have been avoided by the exercise of ordinary care.'" *Id.* (quoting *Rivera*, 2000 UT 36, ¶ 11). However, "'it is unlikely that a stipulation signed by counsel and filed with the court was entered into inadvertently.'" *Id.* (quoting *Yeargin*, 2001 UT 11, ¶ 21).

---

4. In accepting a defendant's stipulation to an amount of complete restitution, it may be prudent for the trial court to conduct a colloquy in which the court warns the defendant of the rights he or she will forfeit by entering into the stipulation. Such rights include having the court "make the reasons for the [complete restitution] decision part of the court record" and hold "a full hearing on the issue" if "the defendant objects to the imposition, amount, or distribution of the restitution." Utah Code Ann. § 77-38a-302(3)–(4) (LexisNexis 2012). Additionally, where there is a "limited factual basis" for the trial court's determination of restitution, a defendant may request, under some circumstances, that "the facts . . . be established in a civil litigation setting." *State v. Laycock*, 2009 UT 53, ¶ 27, 214 P.3d 104.

¶12     Defendant argues that the trial court should have set aside her stipulation for justifiable cause, as outlined in her motion to vacate and that "whether the trial court erred in failing to do so, ultimately depend[s] on this Court's resolution of the substantive issues in this case." Yet Defendant raises this challenge expressly for the first time in her reply brief, not in her opening brief. For instance, arguments I and II of Defendant's opening brief—the only sections that discuss complete restitution—are limited to the reasons why Defendant believes the court reached its complete restitution determination in error. We will not construe these arguments as a direct appeal of the denial of her motion to vacate her stipulation because they present separate and independent issues. Furthermore, Defendant does not identify in her opening brief an applicable standard of review[5] or the controlling legal principles governing review of a denial of a motion to vacate a stipulation. "It is well settled that 'issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court.'" *Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 (quoting *Brown v. Glover*, 2000 UT 89, ¶ 23, 16 P.3d 540); *see also* Utah R. App. P. 24(c) ("Reply briefs shall be limited to answering any new matter set forth in the opposing brief."). Because Defendant did not properly appeal the court's denial of her motion to vacate, we decline to consider whether justifiable cause existed to set aside her stipulation.[6]

---

5. Normally, "a district court's decision to enforce a stipulation is reviewed for an abuse of discretion." *Prinsburg State Bank v. Abundo*, 2012 UT 94, ¶ 10, 296 P.3d 709; *see also Rivera v. State Farm Mut. Auto. Ins. Co.*, 2000 UT 36, ¶ 7, 1 P.3d 539 ("A motion to strike stipulated facts is reviewed under an abuse of discretion standard."); *Mascaro v. Davis*, 741 P.2d 938, 942 n.11 (Utah 1987) ("The decision of a trial court to summarily enforce a settlement agreement will not be reversed on appeal unless it is shown that there was an abuse of discretion.").

6. In her opening brief, Defendant refers to the trial court's denial of her motion to vacate the stipulation in arguing that Trial Counsel

(continued...)

## II. Defendant's Claim of Ineffective Assistance of Counsel Fails Because Trial Counsel's Performance Was Not Deficient.

¶13    Defendant contends that by advising her to enter into the stipulation, Trial Counsel rendered ineffective assistance. To prevail on a claim for ineffective assistance of counsel, a defendant "'must show that counsel's performance was deficient'" and "that the deficient performance prejudiced the defense." *State v. Tennyson*, 850 P.2d 461, 465 (Utah Ct. App. 1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In order to establish deficient performance, the "defendant 'must show that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). "A defendant must . . . overcome the strong presumptions that counsel's performance fell 'within the wide range of reasonable professional assistance' and that 'under the circumstances, the challenged action might be considered sound trial strategy.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). Additionally, "an ineffective assistance claim succeeds only when no conceivable legitimate tactic or strategy can be surmised from counsel's actions." *Id.* at 468. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 466 (quoting *Strickland*, 466 U.S. at 694). A defendant's claim of ineffective assistance will fail if either prong is not established. *Id.*

---

6. (...continued)
rendered ineffective assistance. However, this singular reference to the court's ruling couched in the context of an ineffective assistance of counsel claim does not constitute a reviewable claim on appeal. *See State v. Marchet*, 2012 UT App 267, ¶ 7 n.3, 287 P.3d 490 (mem.) (declining to address a defendant's appeal of the trial court's decision regarding jury instructions because the issue was raised and directly discussed only in the reply brief, despite reference to the issue in the opening brief as it related to a claim of ineffective assistance of counsel).

¶14 Defendant argues that Trial Counsel "had no tactical or strategic basis to stipulate to the amount of complete restitution," because the decision to stipulate was based on a "confused and mistaken interpretation of precedent." Defendant points to the motion to vacate as an acknowledgment by Trial Counsel of his alleged error. Whether Trial Counsel's performance was deficient in this respect requires us to analyze the substantive legal precedent Defendant cited as the basis for vacating the stipulation. However, such an inquiry is unnecessary because we conclude that Trial Counsel's decision to stipulate, by itself, does not demonstrate objectively deficient performance. In other words, there were a variety of conceivable strategic reasons supporting Trial Counsel's advice that Defendant enter into the stipulation.

¶15 For example, before advising Defendant, Trial Counsel was entitled to evaluate this case in its broader context. The same trial judge who had originally presided over Defendant's case would also preside over the upcoming court-ordered restitution hearing and would ultimately make the restitution determination. One of the factors that the trial judge would consider in the court-ordered restitution hearing was "the rehabilitative effect on the defendant of the [restitution] payment." *See* Utah Code Ann. § 77-38a-302(5)(c)(iii) (LexisNexis 2012). Unless Trial Counsel could actually prove negligence on the part of the victims—which appears unlikely from the record—Trial Counsel could reasonably have concluded that stipulating to the amount of complete restitution would show the judge that Defendant had accepted responsibility for her crime. This is particularly true in light of Defendant's prior admission to driving drunk at the time of the accident. From this contrite position, Defendant might have had a better chance of convincing the judge to not impose the full amount of complete restitution as court-ordered restitution.

¶16 Moreover, had Trial Counsel not advised Defendant to stipulate, the trial court could have calculated complete restitution at a higher level than the stipulated amount. Information presented to the court at sentencing revealed that Defendant's offense had a large financial impact on Husband and Wife. Husband and Wife advised the court that their expenses included the many medical

bills for both Husband and Wife; the wages lost for both Husband and Wife during their two-month recuperation period in which they were unable to work; Husband's inability to have a company car since the car involved in the accident belonged to his employer; the resulting costs of buying a new car, including insurance, gas, and maintenance expenses; the lingering effect of Husband's permanent brain damage, cognitive deficiencies, and sinus complications resulting from a broken nose caused by the accident; and the emotional effect on Husband and Wife's children who became afraid whenever Husband and Wife left them.[7] Even if the court were to consider mitigating evidence of Husband's and Wife's comparative negligence, it is entirely possible that the cumulative cost of these harms would still exceed the stipulated amount. Thus, Defendant's stipulation established a firm limit on Husband's and Wife's recovery in restitution and eliminated any accompanying uncertainty. Defendant's stipulation may have also dissuaded Husband and Wife from pursuing additional damages in a civil suit by providing them an opportunity to calculate and agree to an appropriate amount of restitution.

¶17 Finally, the original restitution hearing was continued for more than a month so that Trial Counsel could review Husband's and Wife's restitution information with a civil attorney. Trial Counsel told the trial court that he wanted to investigate the validity of Husband's and Wife's claimed expenses before making a decision on whether to contest such expenses as a measure of complete restitution. Following this extensive preparation, Trial Counsel apparently concluded that the best course of action was to advise his client to stipulate. The specific information communicated between Trial Counsel and Husband and Wife's civil attorney is not contained in the record. It is precisely for circumstances such as these—where "[Trial Counsel] observed the relevant proceedings, knew of materials outside the record, and

---

7. The record does not indicate what percentage of Husband's and Wife's expenses were covered by insurance; however, insurance companies may also be considered "victims" for purposes of restitution. *See State v. Dominguez*, 1999 UT App 343, ¶ 8, 992 P.2d 995.

interacted with the client, with opposing counsel, and with the judge"—that "the standard for judging counsel's representation is a most deferential one." *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

¶18 Because "this court will not second-guess trial counsel's legitimate strategic choices, however flawed those choices might appear in retrospect," we conclude that Trial Counsel's decision to advise Defendant to stipulate to the complete restitution amount was not objectively deficient performance because that decision was, "'under the circumstances, . . . action [that] might be considered sound trial strategy.'" *See State v. Tennyson*, 850 P.2d 461, 465 (Utah Ct. App. 1993) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Accordingly, we deny Defendant's claim of ineffective assistance of counsel.

### III. The Trial Court's Determination of Court-Ordered Restitution Was Not an Abuse of Discretion.

¶19 Last, Defendant argues that the trial court failed to consider the required statutory factors in determining court-ordered restitution. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 ("An abuse of discretion results when the judge fails to consider all legally relevant factors . . . ." (citation and internal quotation marks omitted)). Utah Code section 77-38a-302(5)(c) lists factors that courts "shall consider" in "determining the monetary sum and other conditions for court-ordered restitution." Utah Code Ann. § 77-38a-302(5)(c). These factors include

> (i) the financial resources of the defendant and the burden that payment of restitution will impose, with regard to the other obligations of the defendant;

> (ii) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;

> (iii) the rehabilitative effect on the defendant of the payment of restitution and the method of payment; and

(iv) other circumstances which the court determines
may make restitution inappropriate.

*Id.* § 77-38a-302(5)(c)(i)–(iv). "[A]s a general rule, we presume that
the district court made all the necessary considerations when
making a sentencing [and restitution] decision," *State v. Moa*, 2012
UT 28, ¶ 35, 282 P.3d 985, and "[a]bsent some indication in the
record to the contrary, we will presume that the trial court knew
the law," *State v. Sessions*, 2012 UT App 273, ¶ 44, 287 P.3d 497, *cert.
granted*, 298 P.3d 69 (Utah 2013).

¶20    Defendant contends that the trial court failed to consider
the burden that the restitution order would impose on her with
regard to her other financial obligations. *See* Utah Code Ann.
§ 77-38a-302(5)(c)(i) (LexisNexis 2012). Prior to the complete
restitution hearing, Defendant submitted a financial affidavit to the
court. The affidavit revealed that at the time of the restitution
hearing, Defendant had a monthly income of $1,100, that she
earned working part-time as a waitress at a café owned by her
mother. The affidavit also established that her monthly expenses
totaled $1,130. Furthermore, Defendant testified at the restitution
hearing that her children's father owed her approximately $12,000
in back child support but that she was unable to collect that debt.
The State noted that if Defendant worked full-time, she could
afford to pay more in restitution. The court agreed, stating,
"[Defendant]'s given . . . no reason to conclude that she's not able
to work full time . . . ." The court then ordered Defendant to pay a
total of $28,800 in restitution. That amount was to be paid in
monthly payments of $300 for a period of ninety-six months. Trial
Counsel objected, arguing that if Defendant were compelled to
work more hours, she would incur additional child care expenses.
The court indicated that it "understood" Defendant's situation but
that its ruling was nonetheless reasonable. The court also noted
that there was "no easy outcome" in making its restitution
determination but that the amount it ordered Defendant to pay was
still less than one-third of the amount to which Defendant had
stipulated as complete restitution. Thus, the record clearly indicates
that the court considered the burden that the restitution order
would impose on Defendant in light of her other financial
obligations.

¶21 Defendant also argues that the trial court failed to consider "other circumstances which . . . may make restitution inappropriate." *See id.* § 77-38a-302(5)(c)(iv). Specifically, Defendant argues that the court should have allowed her to "gather and present evidence of [Husband's and Wife's] comparative negligence." However, Defendant stipulated to an amount of complete restitution that far exceeded the amount actually ordered by the court. Defendant entered into that stipulation on the advice of Trial Counsel who had conducted a thorough investigation. And although it is true that Defendant later attempted to vacate that stipulation, the court considered Defendant's arguments on this point, concluded they were without merit, and ruled that Defendant's stipulation was binding. Indeed, the court noted that it "hear[d] the preliminary hearing in this case" and that its "conclusion [was] that there is no . . . rational or reasonable evidence from which [it] or any finder of fact could find any kind of contributory negligence." Thus, Defendant has not shown that the court abused its discretion by failing to consider this statutory factor.

CONCLUSION

¶22 We conclude that Defendant's stipulation estops her from challenging the amount of complete restitution on appeal. Additionally, Defendant's claim of ineffective assistance of counsel fails because she has not demonstrated deficient performance. Last, we determine that the trial court did not abuse its discretion in determining court-ordered restitution because it adequately considered the relevant statutory factors. Accordingly, we affirm.

————————